[No. 20858. In Bank. — March 24, 1892.]

THE PEOPLE, RESPONDENT, *v.* H. H. McNUTT, APPELLANT.

CRIMINAL LAW — INSTRUCTIONS NOT ASKED. — If a defendant desires an instruction as to the law upon any special branch of the case, he should direct the court's attention thereto and request an instruction thereupon, and a judgment of conviction will not be reversed for failure to give an instruction not demanded.

ID. — ASSAULT WITH INTENT TO MURDER — SIMPLE ASSAULT — INAPPLICABLE INSTRUCTION. — Where the evidence discloses that the defendant was either guilty of a more serious offense than a simple assault, or he was not guilty, the court is justified in failing or refusing to give an instruction as to a simple assault.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Thomas F. Graber,* and *E. M. Gibson,* for Appellant.

*Attorney-General Hart,* and *Deputy Attorney-General Layson,* for Respondent.

The Court. — Appellant was charged with the offense of an assault with a deadly weapon, with intent to commit murder, and was convicted of the lesser offense of an assault with a deadly weapon. For a reversal of the judgment, he insists that the court erred in not instructing the jury upon the question of his good character for peace and quiet, he having introduced evidence to that point. It would be unfair and unjust to the people and the court to reverse a judgment and order a new trial because the court did not instruct the jury upon every conceivable phase or principle of law directly or indirectly involved in the case. We have so often held that if a defendant desired an instruction as to the law upon any special branch of the case he should direct the court's attention to the particular matter, and request an instruction to that effect, that a citation of authorities is not demanded. Appellant complains that the jury were not instructed that under the information they could convict him of a simple assault. As already suggested, he should have requested such an instruction to be given to the jury, if he desired the benefit of it. The evidence of the prosecution disclosed an assault upon the prosecutrix with an open pocket-knife, the blade thereof being three or three and one half inches in length. The defendant denied any assault. Under the evidence, he was either guilty of an offense more serious than a simple assault, or he was not guilty. The facts disclosed by the record would seem to justify a refusal by the court to give an instruction as to simple assault, even if it had been requested by the defendant. (*People* v. *Madden*, 76 Cal. 521; *People* v. *Scott*, 27 Pac. Rep. 931.) These decisions of the court are not in conflict with section 1159 of the Penal Code; for that section contemplates the conviction of a defendant for the lesser offense, when the evidence is insufficient to justify a conviction for the greater offense charged. The instructions given correctly state the law.

Let the judgment and order be affirmed.

PATERSON, J., dissenting. — I am unable to concur with the majority in this case.

The defendant testified that he made no assault with a knife, — had no intention of doing so. The jury there-fore, if properly instructed, might have found him guilty of a simple assault. It is said that the defendant ought to have asked for an instruction on the subject, if he desired one given to the jury. I think, however, that it is the duty of the court, without request, to tell the jury what verdicts may be rendered in cases like the one on trial, if warranted by evidence. "In charging the jury, the court must state to them all matters of law necessary for their information." (Pen. Code, sec. 1127.) The in-structions, taken in connection with the fact that the court gave to the jury three forms of verdict, — one for not guilty, one for guilty of assault with a deadly weapon, and one for guilty as charged, — in effect told the jury that no other verdict could be rendered.