## STATE v. FINLAYSON.

(133 N. W. 298.)

**Appeal — construing charge to jury as a whole.**

1. The supreme court on appeal should not separate paragraphs of the charge to the jury from others which relate to the same subject, but must read and construe them together; and, when this is done, it is not cause for reversal if, when so construed, they state the law correctly.

**Appeal — construction of instructions as a whole.**

2. It is the duty of this court to take into consideration the whole of the instructions to the jury, the connection of one part with another and the relation of separate paragraphs to each other and to the subject, and then arrive at a conclusion as to whether the jury should have reasonably been misled by portions, which, if taken separately or alone, may or do state the law incorrectly.

**Appeal — correctness of instructions — error cured by other instructions.**

3. Certain instructions examined, and *held*, that the paragraphs complained of, while if taken separately do not correctly state the law, yet when read in connection with phrases and sentences explaining and modifying them correctly state the law, and furnish no ground for a misunderstanding on the part of the jury.

Opinion filed November 8, 1911.

Appeal from District Court, Burleigh county; *Winchester, J.*

Frank Finlayson was convicted of making a public nuisance in violation of the prohibition law, and appeals.

Affirmed.

*T. R. Mockler,* for appellant.

*Andrew Miller,* Attorney General and *Alfred Zuger,* Assistant Attorney General, for the State.

SPALDING, Ch. J.   The appellant and one Sandy were jointly pro-
ceeded against by information filed in the district court of Burleigh
county, charging them with keeping and maintaining a common nui-
sance on certain lots in the city of Bismarck, in said county, in violation
of the law commonly designated the prohibition law of this state.   A
jury trial was had, both defendants were found guilty as charged in the
information, and separate judgments entered in accordance with the
verdict.   From the judgment against him, the defendant, Finlayson,
appeals to this court.

No part of the evidence is brought up.   All the errors assigned are
upon the instructions of the trial court to the jury.   We need only con-
sider one of these assignments separately.   After cautioning the jury
not to be influenced by feeling or sympathy for or against the defend-
ants, and to treat them fairly and impartially, and that they were not
called upon to determine whether the law under which the prosecution
was maintained was a good or a bad law, the learned trial judge pro-
ceeded by instructing the jurors that they were there to determine
whether these defendants or either of them were guilty of having vio-
lated a certain law; that that was the inquiry before them, and the only
inquiry which they were called upon to determine.   This caution is con-
tained in the first page of the charge.

He then continued his instructions, of which no complaint is made,
until a point is reached where he informs the jury that the charge is of
maintaining a nuisance between January 1, 1910, and up to and in-
cluding May 4, 1911, and informs the jury that it was not necessary
that the defendants should have kept or maintained such a nuisance dur-
ing the whole period between those dates, but if satisfied beyond a rea-
sonable doubt that the defendants, or either of them, kept and main-
tained it during any considerable portion of the time between those
dates, they should find them guilty.   It is clear that this charge alone,
if there had been nothing further said on the subject, might be preju-
dicial, yet when we consider that it is in the very early part of the
lengthy charge, and its connection, we are satisfied that the jury could
only have understood it as relating to the time when the offense was com-
mitted, if the offense was committed.   It was an instruction that it was
not necessary the nuisance should have been maintained during all the
time intervening between the two dates to warrant a conviction, but

that, if they had maintained it during any considerable portion of such time, it would justify conviction.

If there was any inclination to misunderstand it, such misunderstanding must have been removed by subsequent portions of the instructions, which will be mentioned later. We may say that the instructions are not models, or to be commended, in form. They were delivered orally, and, when parties are jointly charged with an offense, it requires close concentration of the mind in delivering a charge of many pages to refer to them individually and separately in every instance where reference is made. Had the learned trial court taken the precaution to place his charge in writing, he would unquestionably have obviated the objections which are made to its character by the appellant.

Several assignments are based upon other portions of the charge wherein reference was made to the defendants, and the jury was told, if they found the facts to be thus and so, they should be found guilty. These paragraphs of the charge are separated by appellant from the remaining portions; and it is contended that, because they each, standing alone, mis-state the law, which they undoubtedly do, if they alone are to be considered, the judgment should be reversed. But this court cannot consider instructions in that manner. It is its duty to take into consideration the whole charge to the jury the connection of one part with another, and the relation of the separate paragraphs to each other and to the subject, and, after doing so, arrive at a conclusion as to whether the jury could reasonably have been misled by the portions which, taken separately and alone, may or do state the law incorrectly.

The occasion is rare when the trial court can embody in one sentence all the law on a subject. It frequently happens that a statement made must be followed by a qualifying statement, and that is what we find to have occurred in the instructions which we are considering. While the parts of the charge on which error is assigned, as we have indicated, when standing alone are unquestionably not the law, yet they were followed by explanatory or modifying sentences to the effect in each case that if the jury found only one of the defendants had committed the acts charged, and which had been explained by the court, then they should convict him and acquit the other one. For instance, after a paragraph which, standing alone, was erroneous, the court continues as fol-

lows: "And in this connection let me say to you, gentlemen, that you have a right, in the consideration of this matter, to find either one or both of these defendants guilty, according as you find the facts to be. That is, if you are satisfied beyond a reasonable doubt that one of the defendants is guilty as charged in the information, and you are not so satisfied as to the other defendant, then you have a right to find one of them guilty and the other one not guilty." The substance of this statement was repeated several times at intervals throughout the charge, qualifying preceding statements, and immediately preceding the end of the charge the court again cautioned the jury on the subject by stating that, if they were not satisfied beyond a reasonable doubt that one of them was guilty, they could find one guilty, and the other not guilty. We are agreed that, taken as a whole, the jury could not have understood the court to instruct it that, if only one of them was engaged in the maintenance of the place or in doing the things charged which he had advised the jury constituted the offense, both should be convicted; but that, on the contrary, they were plainly advised that, if they were satisfied beyond a reasonable doubt that both were guilty, both should be convicted, or, if both were innocent, both should be acquitted, or that if one was guilty, and that they were not satisfied beyond a reasonable doubt of the guilt of the other, such defendant should be acquitted. That the jury could not have misled by any seeming conflict or ambiguity is more apparent because other portions of the charge state the law more favorably to the defendants than it should have been stated.

One or two other minor assignments are found which contain no merit, and need not be noticed.

The judgment of the District Court is affirmed.