# STATE OF NORTH DAKOTA, Respondent, v. AULDEN RICE, Appellant.

(168 N. W. 369.)

**Trial court — jury — instructions.**

1. Instructions of the court examined, and *held* to contain no reversible error.

**State's attorney — opening and closing argument — remarks of.**

2. Remarks of the state's attorney in the opening and closing argument examined, and *held* not to be prejudicial.

Opinion filed May 25, 1918.

Appeal from an order of the District Court of Ward County, Honorable *K. E. Leighton,* Judge.

Affirmed.

*Bradford & Nash* and *Ben E. Combs,* for appellant.

The jurisdiction of the court over the defendant related to but one offense,—that charged in the information,—and did not attach to the various offenses of which proof was permitted to be offered. Where two or more distinct offenses are testified to by witnesses, it is the duty of the state and it should be required to elect during its direct case, upon which offense it should proceed. State v. Poull, 14 N. D. 559.

Where evidence of more than one offense is offered and allowed, and no election made of record, in case of conviction no one could tell you which offense the jury convicted or found its verdict. People v. Jenness, 5 Mich. 305.

If only one offense can be charged, it logically follows that only one offense can be proved and relied upon for a conviction. State v. Valentine, 63 N. W. 541; State v. Crimmins, 31 Kan. 376, 2 Pac. 574.

*Wm. Langer,* Attorney General, *O. B. Herigstad,* State's Attorney, *R. A. Neston,* Assistant State's Attorney, for respondent.

The offense here charged is statutory rape.

"In prosecutions for statutory rape on a female under the age of consent, or on a woman imbecile, it is generally held that proof of acts prior to that alleged in the indictment is admissible, unless they are too re-

mote in point of time." 33 Cyc. 483; People v. Molineux, 62 L.R.A. 193; People v. Patterson, 102 Cal. 239, 36 Pac. 436; Cross v. State, 78 Ala. 430; State v. Peres, 27 Mont. 358, 71 Pac. 162; State v. De Hart, 109 La. 570, 33 So. 605; Alsabrooks v. State, 52 Ala. 24; State v. Robertson, 121 N. C. 551, 28 S. E. 59; 48 L.R.A.(N.S.) 236, 237.

The courts are practically unanimous in admitting evidence of intercourse between the same parties prior to the act upon which the state relies for conviction. State v. Trusty, 122 Iowa, 82, 97 N. W. 989; State v. Brown, 85 Kan. 418, 116 Pac. 508; People v. Nichols, 159 Mich. 355, 124 N. W. 25; State v. Schueller, 120 Minn. 26, 138 N. W. 937; Morris v. State, 131 Pac. 731; State v. Richey, 88 S. C. 239, 70 S. E. 729; Sykes v. State, 112 Tenn. 572, 105 Am. St. Rep. 972, 82 S. W. 185; State v. Rash, 27 S.D. 185, 130 N. W. 91, Ann. Cas. 1913D, 65.

The great weight of authority is also in favor of admitting proof of subsequent acts of intercourse. State v. Henderson, 19 Idaho, 524, 114 Pac. 50; Woodruff v. State, 72 Neb. 815, 101 N. W. 1114; Leedom v. State, 81 Neb. 585, 116 N. W. 496; Morris v. State, 131 Pac. 731; Sykes v. State, 112 Tenn. 572, 105 Am. St. Rep. 972, 82 S. W. 185.

Testimony which is otherwise admissible as tending to prove the defendant guilty of the crime charged is not rendered inadmissible by the fact that it also tends to show that he has committed some other offense. State v. Sysinger, 25 S. D. 110.

If a defendant desires the state to elect upon which of several like offenses it relies for a conviction, he should demand it properly and timely. The rule applicable does not mean that the court shall so require, in the absence of a proper motion or request therefor. State v. Poull, 14 N. D. 559; Mitchell v. People, 52 Pac. 672; Miller v. People, 23 Colo. 95, 46 Pac. 111; State v. Crimmins (Kan.) 2 Pac. 574; State v. Shweiter, 27 Kan. 500, 512; State v. Valentine, 63 N. W. 541; State v. Boughner, 63 N. W. 542; 1 Bishop, New Crim. Proc. 4th ed. 290; State v. Riggs (S. D.) 126 N. W. 509.

Such election must be requested and obtained before the state rests. The state must then announce its election, in order to enable the accused to make defense. But until a motion or request be made by the defendant, there is no occasion for the state to specifically elect, for there is no objection before the court. 33 Cyc. 1501; State v. Poull, 14 N. D. 559; State v. Valentine, 63 N. W. 541; State v. Boughner, 63 N. W. 542; State v. Crimmins, 31 Kan. 376.

GRACE, J. Appeal from district court of Ward county, Honorable K. E. Leighton, Judge.

The appellant was tried and convicted in the district court of Ward county, on July 18, 1917, of the crime of rape. The information in the case was in proper and legal form, and charged the defendant with the crime of rape in the first degree. The information alleged that the crime was committed on the 22d day of April, 1916. The charging part of the information is as follows: "That at said time and place the said Aulden Rice did wilfully, unlawfully, and feloniously have and accomplish an act of sexual intercourse with Eva O'Shea, a female person under the age of eighteen years, to wit, fourteen years of age, and not then and there the wife of the said Aulden Rice, and that the said Aulden Rice was then and there more than twenty-four years of age."

To the information the defendant entered a plea of not guilty. It thus became incumbent on the state to prove each and every allegation in the information, to the satisfaction of the jury, and beyond a reasonable doubt.

The defendant, having been found guilty by a verdict of the jury, made a motion for a new trial, which was denied by the court, and defendant appeals from the order denying such motion and makes six assignments of error and four specifications of particulars in which it is claimed the verdict is not sustained by the evidence,—all of which may be considered under two heads. First, the charge of the court relating to the time of the commission of the crime; and, second, the failure of the court to compel the state to elect upon which of the many acts of sexual intercourse shown in the testimony upon which the state would elect to rely; and in connection with these matters may be considered remarks of Attorney Nestos, then prosecuting attorney, who, it is claimed, at the time of the opening argument made the statement that the time of the commission of the offense was immaterial, so long as the offense was proved to have been committed at any time within three years prior to the filing of the information, which was July 16, 1917, which statement was reiterated by Mr. Nestos in his closing argument. The defendant's counsel, Mr. Nash, stated in reply to Mr. Nestos that time was material, and that the state must rely for conviction upon the offense charged in the information, which would be the first clear-cut offense proved. After all the testimony was in, both for the state and

defendant, and at the time of the making of such remarks by Mr. Nestos, defendant's counsel objected, and at that time requested the court to compel the state to elect upon which offense it would stand for a conviction. The court denied this request of the defendant.

The only witnesses testifying were Eva O'Shea, the complaining witness, and the defendant.

Eva O'Shea testified as follows:

My name is Eva O'Shea. I was fifteen years old May 18, 1917. I have lived for the last few years in Ward county, at Benedict and Aurelia. In March, April, and May of 1916, I resided with my stepfather, Aulden Rice, the defendant in this case, and my mother.

Q. During the month of April, 1916, did this defendant Aulden Rice, have sexual intercourse with you?

A. Yes, sir.

Q. Where did that take place?

A. Behind the house and behind the barn in the pasture on the farm where we were then living in Ward county, North Dakota, about 2½ miles from Aurelia.

Q. Had you had sexual intercourse with Aulden Rice, the defendant in this case, before the month of March, 1916?

A. Yes.

Q. On many occasions?

A. Yes, sir.

Q. When did these acts (of sexual intercourse) first occur with your stepfather, Aulden Rice?

A. When I was about ten years old.

Q. That would be about five year ago?

A. Yes, sir.

Q. And did the acts continue off and on from that time until the month of May, 1916?

A. Yes. My child was born January 22d, 1917. Aulden Rice is the father of that child. Aulden Rice, the defendant, is twenty-eight or twenty-nine years of age.

The complaining witness further testified that she was pregnant in February or March, 1916, and that Aulden Rice gave her medicine to drive the child away; that he had intercourse with her afterwards. She

testified that she had intercourse with her stepfather twice in February, 1916, and afterwards testified that she had intercourse with him more than twice during the month of February, 1916. She also testified that she had intercourse with others than Aulden Rice in the month of March; that she had intercourse in February with Jesse Fulton more than once, but all on the same occasion, and that she did not have intercourse with anyone else other than Fulton and her stepfather in February. She testified in March she had intercourse with her stepfather and with Oscar Edland before March 27th. She also testified that she had intercourse with Jesse Fulton, and that she endeavored to blame the parentage of her child on Jesse Fulton in order to save her stepfather.

The abstract of the case shows the following: "That Aulden Rice, the defendant, being first duly sworn, testifying in his own behalf, denied the various acts of sexual intercourse hereinbefore set forth in the testimony of the complaining witness. On cross-examination his testimony corroborated the testimony of Eva O'Shea, the complaining witness." As the testimony of the defendant on cross-examination corroborated the testimony of Eva O'Shea, he must have admitted the acts of sexual intercourse with her, testified to by her. The transcript of the testimony has not been returned to this court, and the statement of such corroboration of the complaining witness's testimony must be taken at full value. All this testimony shows the commission of many acts of sexual intercourse between the plaintiff and defendant, other than that alleged in the information. At the time of the admission of all such testimony relative to other acts of sexual intercourse than that set forth in the information, which was on the 22d day of April, 1916, the defendant made no objection, on the theory that the testimony of all such other acts of sexual intercourse were admitted simply and only for the purpose of corroboration, and that for this purpose the defendant did not object to the introduction of such testimony of such other acts of sexual intercourse, and in his brief says that "the several other acts of sexual intercourse were properly admitted in evidence as corroborative of the offense set forth in the information, and there was no objection on the part of the defendant's counsel to the proof of such acts for such limited purposes."

The defendant claims that by reason of the remarks made by the state's attorney, Mr. Nestos, that the time of the commission of the of-

fense was immaterial, so long as committed within three years, and the instructions of the court in one paragraph of his instructions to this same effect, changed the purpose for which the testimony of the other acts of sexual intercourse than that stated in the information was admitted. The defendant, in effect, contends that the statements of state's attorney in this regard and the instructions of the court really mean that the jury were instructed by the court and impressed by the statements of the state's attorney with the view, or that they might get the impression therefrom, that it could select any of the acts of sexual intercourse testified to by plaintiff, other than that described in the information, and find the defendant guilty on any of such acts of sexual intercourse of which testimony was given; that from such instructions by the court and such language by the prosecuting attorney, part of the jury might find the defendant guilty of one act of sexual intercourse, others of the jury might find defendant guilty of an entirely different act of sexual intercourse, and that the court might have had in mind still a different act of sexual intercourse of the defendant when giving its instructions, and that the giving of the instruction and the making of the remarks were prejudicial to the defendant.

The charge of the court must be considered as a whole, and the parts thereof which relate to the same subject-matter must be considered together. The court at the very beginning of its instructions uses the following language: "This is a criminal action brought to this court by the state's attorney filing an information in this court charging the defendant with having committed the crime of rape in the first degree, within this county and state, on the 22d day of April, 1916." The court then instructed that it was incumbent upon the state before conviction could be had to prove each and every allegation in the information to be true to your satisfaction and beyond a reasonable doubt, and in such instruction called attention that the filing of the information charging the defendant with the commission of an offense is no evidence whatever, and should not be considered by the jury. The court further instructed that the defendant was presumed to be innocent until the contrary, his guilt, is proved to the satisfaction of the jury beyond a reasonable doubt. The court then properly defined certain words, such as "wilfully," "unlawfully," "feloniously," and "rape," and gave such other instructions which are usual in such cases. The particular part of the instructions

complained of is as follows: "If you find beyond a reasonable doubt that the complaining witness is under the age of eighteen years, and not the wife of the defendant, and that the defendant is over the age of twenty-four years, and that the defendant had sexual intercourse with the prosecuting witness, Eva O'Shea, in Ward county, at any time within three years next preceding July 16, 1917, then defendant would be guilty as charged. If you fail to find all these facts beyond a reasonable doubt, he would not be guilty." This, if standing alone, might be considered somewhat misleading, but when considered in connection with the very first of the court's instructions, which called the attention of the jury to the fact that this was a criminal action, brought to the court by the state's attorney filing an information charging the defendant with having committed the crime of rape in the first degree on the 22d day of April, 1916, the meaning of the instruction complained of is quite apparent, and it must be considered that the court, having in mind the information and the above statements as to the time of the commission of the crime first made, desired to call the attention of the jury to the fact that the time of the commission of the act set forth in the information was not material. In other words, that it was not material whether the offense alleged to have occurred on the 22d day of April, 1916, did actually occur and was committed on that date, but that if that offense, the one mentioned and described in the information, were committed at another time, or any time within three years, then the defendant would be guilty as charged. It must be held that in the instructions complained of it was the clear intention of the court, as expressed in such instruction, to refer to the offense set forth in the information when he gave his charge, as to the immateriality of the time when such offense was committed. For instance, the offense alleged in the information may not have been committed on the 22d day of April, 1916, as charged, but that offense, the one relied upon in the information, may have been committed on the 21st day of April, or may have been proved to have been committed on the 25th day of March or at some other specified time, and if proper proof was given of such offense, and that offense was the one referred to in the information, the time of the actual commission of the crime becomes immaterial so long as committed within three years. We are clear that the instructions of the court and the remarks of the state's attorney as to the immateriality

of the time when the crime was committed referred to the immateriality of the time of the commission of the specific crime charged in the information.

The defendant relies, to sustain his position, largely upon the case of People v. Jenness, 5 Mich. 305, but as we view the matter that case is much different from the one at bar. Exceptions in that case were taken to certain instructions of the court, and we think properly, and part of such instructions were properly held to be reversible prejudicial error. The court charged the jury in that case as follows: "Although the information charges the prisoner to have committed the crime of fornication or incest on the 24th day of February, 1858, the time is immaterial, and the jury are at liberty to find the prisoner guilty of the offense charged if they are satisfied from the evidence that the same was committed in the city of Detroit within the period of six years previous to the time of filing the information." This part of the charge is substantially the same as was charged by the lower court in the case at bar. This is not the part of the instruction of the court in the Jenness Case upon which the supreme court of Michigan, in fact, based their reversal of the lower court. The real erroneous instruction in the Jenness Case was the following: "That though the information alleges that the prisoner had criminal connection with his niece, Delia E. Ashcroft, in this city, on the 24th day of February, time and place are immaterial, and the jury may find him guilty if from the evidence they believe that the act was not committed at the Howard House, but was committed in some other place in the city of Detroit within the period of six years prior to the time of filing this information." When this instruction is considered in connection with the remarks of the prosecuting attorney in the Jenness Case, which were to the effect that the jury might select any one of the acts on which evidence had been given as the ground of their verdict, there is an entirely different situation presented, and the supreme court in the Jenness Case said: "But the third paragraph of the charge clearly adopts the theory of the prosecuting attorney, and holds that any one of the several acts of sexual intercourse proved, or attempted to be proved, may be selected by the jury as the 'offense charged,' and that they may find the defendant guilty of the one thus selected," as he tells them: "They may find him guilty if from the evidence they believe that the act was not committed at the Howard House, but was committed at some other place in the city of Detroit

within the period of six years prior to the time of filing this information." In fact the above instruction of the court in the Jenness Case, in effect, told the jury that if they could not find the defendant guilty of the crime charged in the information, they could select any other of the criminal acts established by the evidence and find the defendant guilty on any such crime so selected. That is not the case at bar. The instruction of the court in the case at bar refers only to the immateriality of the time, providing the crime was committed within the three-year limitation period; and when his instruction is considered as a whole it appears plainly that they are all addressed to the crime charged in the information, and not to any of the other specific crimes which appear to have been established by the testimony of the witnesses. While the instruction is probably not as clear as it might have been, nevertheless, we are convinced that persons of average intelligence, such as the jury in the case at bar must be conceded to be, could gain no other impression than that if the crime charged in the information was not committed on the 22d day of April, 1916, yet if that identical crime, the one charged in the information, was committed at any other time, if within the three-year period, the time of the commission became immaterial.

It is a general rule in criminal cases, which is well established, that the commission of other similar offenses by the defendant cannot be offered in evidence for the purpose of showing that the person charged in the information with a crime has a criminal tendency or is of criminal disposition or nature, in order to thus show that there was more likelihood of his having committed the offense with which he is charged. There seems to be an exception to this rule as applied to sexual crimes and illicit intercourse between the sexes. It is clear that the admission of proof in the case at bar, of other offenses with the same person and of like kind as that charged in the information, was received in their corroborative and secondary character.

The court properly denied the request of defendant that the state be compelled to elect upon which of the offenses the state relied for conviction, there being but one offense charged in the information, and it plainly appearing that the state relied only upon the offense alleged in the information for conviction of the defendant, and that the instructions of the court, when considered as a whole, related to the offense charged in the information.

Even the defendant corroborates the complaining witness. This being true, the defendant in fact has no defense upon the merits. The verdict of the jury was that the defendant was guilty of the crime of rape in the first degree, as charged in the information. The proof is overwhelming to sustain the verdict. The defendant had a fair trial in every respect. The order appealed from is affirmed.

CHRISTIANSON, J. I concur in the result.