STATE OF NORTH DAKOTA, Respondent, v. ALVIN BOWE, Appellant.

(220 N. W. 843).

Opinion filed July 23, 1928.

*M. C. Freerks* and *George W. Thorpe,* for appellant.

*Russell D. Chase,* State's Attorney, and *Harry E. Rittgers,* Assistant State's Attorney, for respondent.

PUGH, Dist. J.   From a judgment of conviction on an information

charging him with an assault with intent to commit rape and denial of his motion for a new trial, defendant appeals.

It is unnecessary in the decision of this case to set forth the evidence. On his brief and upon oral argument defendant's counsel conceded there is no prejudicial error in the admission of evidence and stated to the court, further, that the verdict of guilty rendered by the jury is substantially supported by the evidence. For a reversal of the judgment, defendant relies solely and entirely upon errors assigned which he alleges occur in the court's instructions to the jury. He insists such errors are prejudicial to the rights of the defendant and require a reversal of the case. We, therefore, deem all assignments of error to be abandoned, save only such as are directed specifically to the court's instructions to the jury.

Defendant attacks the instructions as a whole contending they are misleading, involved and inapplicable to the facts and the issues in the case, in that the instructions with reference to rape, assault and assault with intent to commit rape are incomplete and not a correct exposition of law, and further that the court wholly omitted to instruct relative to the presumption of innocence.

We consider first the instructions given with reference to assault with intent to commit rape. Defendant insists they are not full and complete, in that the elements of the crime charged were not accurately defined to the jury. The particular objection raised by counsel in this connection is that the court did not charge the jury, in effect, that before they could lawfully convict him of the crime charged in the information, they must find beyond a reasonable doubt that the intent to commit rape was concurrent with the assault alleged. He further contends that the jury was misled by reason of the inaccurate definition of rape given the jury by the court. That by reason of these faults, he contends the instructions as a whole are erroneous, misleading and prejudicial.

The instructions must be read and construed as a whole; each part must be considered in connection with others of the series referring to the same subject and connected therewith, and if, when so considered and construed together, they express the law applicable to the particular case, no just ground of complaint exists, even though an isolated and detached clause is, in itself, inaccurate or incomplete and

though parts thereof taken separately may be subject to criticism. This proposition has found expression in numerous decisions of this court. State v. Finlayson, 22 N. D. 233, 133 N. W. 298; State v. Reilly, 25 N. D. 339, 141 N. W. 720; State v. Rice, 39 N. D. 597, 168 N. W. 369; State v. McCarty, 47 N. D. 523, 182 N. W. 754; State v. Kerns, 50 N. D. 927, 198 N. W. 698; State v. Gates, 52 N. D. 659, 204 N. W. 350.

After reading the charging part of the information the court used the following language:

"The charge in this case is assault with intent to commit rape. An assault, gentlemen, is any wilful or unlawful attempt or offer, with force or violence to do a corporal hurt to another. Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator. To constitute the crime charged in the information, it is not necessary that the crime of rape was accomplished, it is the intent on the part of the defendant to accomplish the act that constitutes the offense. That is, there must be an assault and the assault must be with the intent on the part of the defendant to commit the crime of rape. . . . In assault with intent to rape, the proof must show every ingredient of the crime of rape, except the accomplishment of it. The proof must show beyond a reasonable doubt the unlawful attempt, which constitutes an assault with an intention to have carnal knowledge of the female forcibly and against her will. It must show an intention to use such force as may be necessary to accomplish the object. In order to warrant a conviction for assault with intent to commit rape, the state must prove the following facts: That the defendant made an assault upon the woman; that the assault was accomplished with the specific intention to rape; with the specific intention to have carnal knowledge of the woman; to have carnal knowledge of the woman without her consent, and by the use of such force as is sufficient to overcome such resistance as the woman should make." Further, after referring to the several forms of verdict, one of which should be returned, the court used the following language: "Dealing now with the first verdict, or the verdict of guilty as charged in the information of assault with intent to commit rape. In that particular matter, gentlemen of the jury, the intent becomes very material. I have read to you the definition of assault and I don't think that that

part of the statute or of the law with reference to this matter needs any further explanation at this time. As you pass upon the evidence in this particular case, gentlemen, it will be necessary for you to pass upon the question of whether or not there was an assault, and if you find to your satisfaction beyond a reasonable doubt, that there was an assault, to pass upon the manner in which the same was committed and the intent with which the same was committed, and to pass upon the question as to whether if the defendant did anything the intent with which it was done. . . . In this case, if you find from the evidence beyond a reasonable doubt, that the defendant Alvin Bowe assaulted the complaining witness as charged in the information, but you entertain a reasonable doubt, that the intent with which the assault was committed was rape, then your verdict should be guilty of assault only. You are instructed that the intent with which an act is done is an act or emotion of the mind, seldom, if ever, capable of direct proof, but is to be derived (arrived) at by such just aand reasonable deductions or inferences from the acts and facts proved, as the guarded judgment of a cautions man would ordinarily draw therefrom. . .. . If the defendant committed an assault upon the complaining witness, it will be your duty from the evidence to determine his intent in so doing by the surrounding circumstances and all the evidence in the case before you, which tends to show intent, and determine from all the evidence whether or not the assault was committed, was committed with the intent to commit rape."

No request for further or more definite instructions was submitted to the court by counsel, nor did he in any manner direct the court's attention to any inaccuracies in the statement of the law governing the case. If defendant desired a more comprehensive instruction upon this phase of the case, he should have submitted such instruction to the court with request that it be given. Failing to do so, he cannot now predicate error upon the instructions given, if the instructions as given present the issues in the case fairly, under a substantially correct statement of the law and guard the substantial rights of the defendant. State v. Murbach, 55 N. D. 846, 215 N. W. 552; State v. Marty, 52 N. D. 478, 203 N. W. 679; State v. Glass, 29 N. D. 620, 151 N. W. 229; 2 Thomp. Trials, 2d ed. § 2341; 16 C. J. 1059.

An examination of these instructions discloses that the court did

fairly and accurately charge the jury precisely as appellant now contends he should have done. These instructions plainly set forth the facts necessary to be proven on the part of the state, before the jury would be warranted in returning a verdict of guilty of assault with intent to commit rape and the jury are therein specifically directed that they must find that the intent to commit rape was coincident with the assault, before they will be justified in returning that verdict.

The incomplete definition of rape is particularly stressed as a reason for setting aside the verdict and judgment in the case. Conceding the court omitted to state all of the elements constituting the crime of rape, in our opinion the error was nonprejudicial. The commission of the crime of rape was not the question involved in the case. The charge is assault with intent to commit rape. The court charged the jury that "in order to warrant a conviction for assault to commit rape, the state must prove the following facts: that the defendant made an assault upon the woman; that the assault was accomplished with the specific intention to have carnal knowledge of the woman, to have carnal knowledge of the woman by force; to have carnal knowledge of the woman without her consent; and by the use of such force as is sufficient to overcome such resistance as the woman should make." The elements of the crime charged are here, substantially, set forth, and it is inconceivable, in view of the evidence in the case, which we have read, that reasonable men would be misled or prejudiced in arriving at a verdict, by the incomplete definition given of the term "rape." We are well satisfied they were not.

But counsel insists that prejudice will be presumed where the record shows error, unless it affirmatively appears that no prejudice has resulted. Section 11,088, Comp. Laws 1913, provides that—

"Neither a departure from the form or mode prescribed in this code in respect to any pleadings or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant or tended to his prejudice, in respect to a substantial right." State v. Guyer, 47 N. D. 479, 182 N. W. 693.

By the provisions of § 11,013, Comp. Laws 1913, it is made the duty of this court on appeals in criminal cases to give judgment without regard to technical errors which do not affect the substantial rights

of the parties. In State v. Carter, 50 N. D. 270, 195 N. W. 567, this court held that—

"Mere defectiveness or inaccuracy in the charge is not necessarily sufficient to justify a reversal. It must be made to appear that the court misstated a rule of law in a substantial particular, and it must appear from an examination of the entire charge that the misstatement was calculated to mislead the jury in arriving at a verdict upon some question submitted to it. An instruction which states the law inaccurately or even incorrectly in part, may be cured by other portions of the charge which correctly state the law. State v. Hoff, 29 N. D. 412, 150 N. W. 929; 16 C. J. 1053. Likewise, an instruction not fully stating the law may be cured by a subsequent instruction which completes it. 17 C. J. 347. Theoretical or technical error, or error which for other reasons, is not calculated to lead the jury to return an erroneous verdict, does not constitute ground for reversal. (Citing) Comp. Laws 1913, § 11,013; State v. Tracy, 34 N. D. 498, 158 N. W. 1069; 17 C. J. 368."

See also State v. Gates, 52 N. D. 659, 204 N. W. 350.

After careful consideration of the record in the case, together with all of the related portions of the instructions, dealing with these questions, we are satisfied that the issues were fairly submitted to the jury, that the law applicable to the case was given with substantial accuracy, and, on the whole case it is our opinion that the conviction cannot reasonably be said to have been the result of the incomplete definition complained of.

Defendant also asserts that the definition of assault given by the court in his instructions is inapplicable and misleading. The information necessarily charges the unlawful assault upon the woman, "with intent then and there feloniously and by force and violence to carnally know, etc." Assault is one of the elements of the crime charged and an included offense. An instruction defining the term is therefore applicable. The definition given is in the language of the statute and concededly is correct. The jury could not have been misled thereby.

The court did not instruct the jury that a defendant in a criminal action is presumed to be innocent until the contrary is proved, and error is assigned upon the omission so to charge. No request for such instruction was made to the court and the attention of the court was

not directed to the omission. Trial courts of this state, with practical uniformity, have given this instruction without request being made therefor. We are of the opinion the omission occurred through inadvertence and that the trial judge would have given the instruction had his attention been drawn to the oversight. The defendant contends, however, that this presumption is in the nature of evidence in behalf of the accused (relying upon Coffin v. United States, 156 U. S. 432, 39 L. ed. 481, 15 Sup. Ct. Rep. 394), that it was the duty of the court to give the instruction without request, and that failure to do so is a misdirection affecting the substantial rights of the defendant, by reason of which he is entitled to a reversal of the judgment.

A discussion of the interesting question whether or not the presumption is in the nature of evidence in behalf of the accused, would lead to no practical results so far as this case is concerned. The authorities are in hopeless discord upon the question. While, in the Coffin Case the court did arrive at the conclusion that this presumption is evidence, introduced by the law, in favor of the accused, later, in the cases of Agnew v. United States, 165 U. S. 36, 41 L. ed. 624, 17 Sup. Ct. Rep. 235, and Holt v. United States, 218 U. S. 245, 54 L. ed. 1021, 31 Sup. Ct. Rep. 2, 20 Ann. Cas. 1138, though not withdrawing the language employed in the Coffin Case, that court approved the actions of the trial courts in refusing to instruct the jury that the presumption was evidence in behalf of the accused. Many other courts have asserted that the presumption of innocence is not evidence but merely determines the burden of proof. 8 R. C. L. 174, § 166.

We are concerned directly with the question whether in the instant case it was prejudicial error to omit the instruction. There is no doubt that the accused is entitled to, and it is reversible error to refuse on request, proper instructions on the presumption of innocence. 16 C. J. 983. In the absence of request therefor the voice of authority is practically unanimous, that the accused cannot complain of the omission so to instruct. State v. Cline, 27 S. D. 573, 132 N. W. 160; State v. Sailor, 130 Minn. 84, 153 N. W. 271; People v. Matthai, 135 Cal. 442, 67 Pac. 694; People v. Wah Hing, 15 Cal. App. 195, 114 Pac. 416; State v. Ross, 85 Wash. 218, 147 Pac. 1149; State v. Donahue, 75 Or. 409, 5 A.L.R. 1121, 144 Pac. 755, re-hearing 75 Or. 420,

5 A.L.R. 1127, 147 Pac. 548; Dorsey v. State, 179 Ind. 531, 100 N. E. 369.

California, Washington, Oregon, South Dakota, and Minnesota are among the jurisdictions having statutes defining the presumption of innocence practically identical with the provisions of our statute upon that subject, § 10,831, Comp. Laws 1913, which reads:

"A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted."

In the case of State v. Sailor, 130 Minn. 84, 153 N. W. 271, the Minnesota court, after reviewing the authorities concerning presumption of innocence and the doctrine of reasonable doubt, said:

"It might be imagined that the idea of the presumption of innocence and that of reasonable doubt, and the exclusive province of the jury in judging facts, are so ingrained in our jurisprudence that the defendant has the right to their giving without the asking; but a search of the authorities discovers no really substantial support to the suggestion; and the likely explanation of the lack of authorities is that so well grounded is the notion of the presumption in our jurisprudence that seldom does an omission to give it afford an opportunity for an adjudication. And it is likely true that so few are the omissions to give the charge that the adopted rule rarely works an injustice; and the enforcement of a definite rule conduces to better practice. We follow the weight of authority and the suggestion of our prior decisions and hold that the defendant, not having asked for an instruction upon the presumption of innocence, cannot now complain that none was given."

In People v. Matthai, 135 Cal. 442, 67 Pac. 694 (cited above), the California court disposed of a like question as follows:

"Complaint is made that the court failed to instruct the jury as provided by § 1096 of the Penal Code, that a defendant in a criminal action is presumed to be innocent until the contrary is proved. Sec. 1127 of the Penal Code provides that in charging the jury the court must state to them all matters of law necessary for their information, and assuredly the instruction as to presumption of innocence is one which should be given in every case of the court's own motion. But in this case the defendant made no request that such instruction should be given, and, as held in People v. McNutt, 93 Cal. 658, 29 Pac. 243,

in the absence of a request the failure of the court to charge upon any specific principle of law will not be held error."

In the later case of People v. Wah Hing, 15 Cal. App. 195, 114 Pac. 416, the court cites the Matthai case, and reiterates that though it is the duty of the court to give the section of the Penal Code relative to presumption of innocence, it is not error to omit it when not asked for by the accused.

The Oregon court, considered this question in State v. Donahue, 75 Or. 409, 5 A.L.R. 1121, 144 Pac. 755, supra, and said:

"The next assignment of error is founded upon the court's failure to instruct the jury that in criminal cases the law presumes the defendant to be innocent of the crime charged, and that this presumption follows him throughout the trial and until the jury are convinced beyond a reasonable doubt of the guilt of the defendant. No request was made by defendant for such instruction and for that reason this court many years ago established, and has since followed, the rule that no error is assignable. . . . In fairness to the trial judge defendant should, if he is not satisfied with the charge as delivered by the court, submit such instructions as he may desire with a request that they be given. Omitting to do this, it is not reversible error for the trial judge to fail to give particular instructions."

But our holding in this case is foreshadowed by the decisions of this court in numerous cases. In State v. Murbach, 55 N. D. 846, 215 N. W. 552, this court held that omission to instruct as to lesser or included offenses does not, in the absence of request therefor, constitute error; in State v. Martin, 54 N. D. 840, 211 N. W. 585, it was held that the omission to give instructions on a minor degree of the offense charged, in absence of request therefor, was not error; in State v. Marty, 52 N. D. 478, 203 N. W. 679, failure to instruct on a particular phase of the evidence, in the absence of request, is not prejudicial error; and in case of State v. Glass, 29 N. D. 620, 151 N. W. 229, it was held not error, in the absence of request so to do, to fail to instruct on alibi or on the testimony of an accomplice.

The defendant also complains of the instructions defining the term "reasonable doubt," but specifies no particular wherein the instructions are erroneous. We have, however, examined these instructions, and

it is our opinion they fairly and accurately state the rules of law relative to reasonable doubt.

Finding no prejudicial error in the record, the judgment is affirmed.

NUESSLE, Ch. J., and BURKE, CHRISTIANSON, and BIRDZELL, JJ., concur.

Mr. Justice BURR did not participate, Honorable THOMAS H. PUGH, Judge of Sixth District, sitting in his stead.