[File No. Cr. 154.]

STATE OF NORTH DAKOTA, Respondent, v. JOHN Mc-CAULEY, Appellant.

(277 N. W. 605.)

Opinion filed January 31, 1938.  Rehearing denied February 12, 1938.

J. C. Adamson, for appellant.

P. O. Sathre, Attorney General, and Obert C. Teigen, State's Attorney, for respondent.

MORRIS, J.  The defendant appeals from a judgment of conviction of the crime of keeping for sale intoxicating liquors for use as a beverage, and from an order denying a motion for a new trial.  The defendant specifies as error certain of the trial court's instructions to the jury to which the defendant filed exceptions in proper time.

The information charged the commission of the offense "between the 1st day of May, 1936, and the 1st day of July, 1936."  The court gave the following instruction which is challenged by the defendant:  "Another material allegation is the time of the commission of the offense.  This is a continuing offense under our law, and it is alleged here that it was between the 1st day of May, 1936, and the 1st day of July, 1936, and the proofs will be sufficient in that respect if they show to your satisfaction beyond a reasonable doubt that the offense, if any, was committed at any date between these dates, and within two years prior to the filing of this information in this Court."

The defendant asserts that this being a continuing offense the state

must be confined to the dates specified in the information and that the court's instructions, in effect, broadened the period of time covered by the information, and that the jury were told that they might consider acts going as far back as two years prior to the filing of the information. We do not agree with the defendant's interpretation of the instruction which advises the jury that the proofs of the offense must show that it was committed between the dates charged in the information and must also show that it was committed within two years prior to the filing of the information, which is the period fixed by the statute of limitations in misdemeanor cases. Compiled Laws of North Dakota for 1913, § 10,522. Furthermore, it appears that no evidence was introduced concerning the commission of the offense at any other time than between the dates set forth in the information. If the instruction should be given the construction contended for by the defendant he would not be prejudiced thereby. State v. Gates, 52 N. D. 659, 204 N. W. 350.

The second assignment of error deals with that portion of the instruction wherein the trial court illustrated what he meant by possession by delineating a hypothetical case as follows: "A merchant may have a stock of merchandise in his store that he is keeping for sale, and he may never touch that merchandise; he may not unpack it, he may not place it on his shelves, he may not exhibit it to customers; clerks or employees may do that for him, and yet he would be said to be keeping that merchandise for sale; and so a man may be guilty of the crime of keeping intoxicating liquors for sale although he does not actually physically handle them himself."

Although the use of illustrations as a part of a trial court's instructions is not commendable, nevertheless, in this case when we read the illustration in connection with the entire instruction as to the burden of the state in proving possession, we cannot say that the matter was presented to the jury unfairly or that the instruction was prejudicially erroneous.

The third assignment of error is based on the following instruction by the trial court: "Take a broad view of this case, taking into consideration all of the evidence in this lawsuit that may throw light into your minds as reasonable men and women as to just what the real facts are."

Here again the instruction complained of when considered in the light of its context was not such as to tend to prejudice the jury as against the defendant.

The next assignment of error is based upon the fact that the court read to the jury § 10,837, Compiled Laws of North Dakota for 1913, which provides that the failure of a defendant to testify shall not raise any presumption of guilt against him nor be referred to by the attorney prosecuting the case or considered by the court or jury. This assignment has no merit. It is well settled in this state that it is not error for the court without a request to instruct the jury in the language of the statute that the defendant's failure to testify shall not be considered against him. State v. Wisnewski, 13 N. D. 649, 102 N. W. 883, 3 Ann. Cas. 907; State v. Gates, 52 N. D. 659, 204 N. W. 350, supra.

The court, in explaining why certain exhibits could not be sent to the jury room, referred to their contents as "intoxicating liquor." The defendant urges that the court thereby invaded the province of the jury, one of the questions of fact being whether certain liquid was intoxicating liquor, and that the burden was upon the state to prove its intoxicating quality. The state introduced testimony to the effect that the exhibits in question contained alcohol which was fit for use as a beverage. This was not controverted by the defendant. The court may take judicial notice of the fact that alcohol is an intoxicating liquor. Compiled Laws of North Dakota for 1913, § 7938. Section 10,145b1, 1925 Supplement to Compiled Laws provides that the intoxicating quality of alcohol shall be presumed by the court. State v. Schuck, 51 N. D. 875, 201 N. W. 342; State v. Ball, 19 N. D. 782, 123 N. W. 826.

The court instructed the jury as follows: "Our law says that 'the following liquors are hereby declared to be intoxicating, and their intoxicating qualities are to be by the Courts presumed,' and among such other liquors is alcohol. Testimony has been offered by the state here to the effect that the liquors seized in Mr. McCauley's home, and which he was keeping for sale as a beverage, was alcohol, and if you are satisfied beyond a reasonable doubt that these liquors were alcohol, then the evidence is sufficient in that respect because the law says that alcohol is presumed to be an intoxicating liquor. You will not need to con-

cern yourselves about its intoxicating qualities, providing you are satisfied that the liquor in question was alcohol."

He also instructed as to the burden of proof resting upon the state and that "you are the sole judges of what the real facts are."

. "The instructions must be read and construed as a whole; each part must be considered in connection with others of the series referring to the same subject and connected therewith, and if, when so considered and construed together, they express the law applicable to the particular case, no just ground of complaint exists, even though an isolated and detached clause is, in itself, inaccurate or incomplete and though parts thereof taken separately may be subject to criticism. This proposition has found expression in numerous decisions of this court." State v. Bowe, 57 N. D. 89, 220 N. W. 843.

There was clearly no prejudicial error in the court's designation of the exhibits. The jury had been previously instructed as to the burden of proof resting upon the state and the province of the jury as to the facts. The instructions as a whole correctly express the law applicable to the case. The reference to the exhibits as intoxicating liquor was, undoubtedly, inadvertently made. It did not purport and was clearly not intended to take away from the jury the duty resting upon it of determining the facts. The error, if any, in the reference of the court, was not prejudicial.

The defendant also urges that the court taxed costs against him arbitrarily at $150.00, which he claims was more than the actual costs. Section 10,381, Compiled Laws of North Dakota for 1913 provides that: "In all cases of conviction, the costs of the prosecution shall be taxed against the defendant, and enforced as other judgments in criminal causes."

Thus the statute provides for the assessment of costs against the defendant. The only question, therefore, is whether or not the costs as taxed were excessive. The defendant made no showing as to what the costs should be. As far as this record is concerned they may or may not have been taxed at the correct amount. The burden on appeal is on the appellant to show that error has been committed. The trial court was required by statute to tax as costs the actual costs of the

prosecution. These he fixed at $150.00. There being no showing that this amount is not correct, we cannot assume that it is excessive. Affirmed.

CHRISTIANSON, Ch. J., and BURR and NUESSLE, JJ., concur.

SATHRE, J., did not participate.