STATE *vs.* PATRICK M. McNULTY.

Opinion filed December 6th, 1897.

**Liquor Nuisance—"Premises" Defined.**

> Where, in distinct and separate rooms of the same building, two different lines of business are transacted, one lawful and the other unlawful, the "premises" where the unlawful business is carried on must be confined to the rooms used in that business.

**Constitutional Question—Who May Raise.**

> No one can take advantage of an unconstitutional provision of law who has no interest in and is not affected by it.

Appeal from District Court, Barnes County; *Glaspell*, J.

Patrick M. McNulty was convicted of conducting a liquor nuisance, and appealed.

Affirmed.

*M. Conklin, M. E. Remmen,* and *W. H. Barnett,* for appellant. *Edward Winterer,* for respondent.

PER CURIAM. The question of right to a jury trial is not raised in this case, nor was defendant charged with a second offense; otherwise the law points raised are identical with those raised in *State* v. *Markuson,* 7 N. D. 155, 73 N. W. Rep. 82, and that case must rule this unless the facts differentiate them. The record shows this to be a companion case to the Markuson case. The original actions were commenced at the same time, the papers were served the same morning, and by the same officer. The injunctional orders and the search warrants are identical, except as to parties defendant, and the description of the place, which in this case was described as "lot 4 in block 24," etc. There is just one point of difference in the facts. There was but one defendant in this case, and the building on the lot was all occupied by said defendant,—the upper stories as an hotel, and the alleged nuisance was in the basement. Under the warrant, the officer was authorized to search the entire building had such search been necessary in order to definitely locate the nuisance.

As a matter of fact, he searched only the basement, and took possession of two rooms therein, in one of which was a bar and fixtures, with a small amount of intoxicating liquors, and in the other liquors were stored. He also took possession of said liquors and the personal property in said rooms, and it was this property that was taken from the officer or his representative by force. It is urged, however, that, since the entire building was in the possession of the defendant, the warrant authorized the seizure of all property in the building, and thus the property of guests might be taken without due process of law so far as they were concerned. This contention is, under the circumstances, exceedingly technical and somewhat strained. Our decision in the Markuson case and the authorities there cited lead logically and necessarily to another result. Where, in separate rooms in the same buildings, two distinct, disconnected lines of business are carried on, one legitimate and the other unlawful, the premises where the unlawful business is carried on must be confined to the rooms used for that purpose. The other rooms are not contaminated or placed under the ban of the law, and no logical reason can be suggested why the rule should be different where the distinct lines of business are carried on by one man from what it is when carried on by two men. Another principle must defeat this contention so far as this defendant is concerned. In law, it can make no possible difference to him whether the property of third persons is seized or not. It is a well established and wholesome rule of law that no one can take advantage of the unconstitutionality of any provision who has no interest in and is not affected by it. *State* v. *Becker*, 3 S. D. 29, 51 N. W. Rep. 1018; *Stickrod* v. *Com.*, (Ky.) 5 S. W. Rep. 580; *State* v. *Snow*, 3 R. I. 64.

The order and judgment appealed from must be affirmed.