THE STATE OF NORTH DAKOTA, Appellant, v. ED EHR, Manager of Waverly Cafe, Respondent.

(221 N. W. 883.)

Opinion filed November 10, 1928.

*Geo. F. Shafer,* Attorney General, *H. E. Johnson,* State's Attorney, *B. A. Dickinson,* Assistant State's Attorney, and *Fowler V. Harper,* for appellant.

*Halvor L. Halvorson* and *Lovell & Horner,* for respondent.

BURKE, J. The defendant was arrested on a complaint charging him with violating chapter 142, Sess. Laws, 1927, relating to hours of employment for females, which law reads as follows, to wit:

"No female shall be employed in any manufacturing, mechanical or mercantile establishment, laundry, hotel or restaurant, or telephone or telegraph establishment or office, or in any express or transporta-

tion company; in the state of North Dakota more than eight and one-half (8½) hours in any one day, or more than six (6) days or more than forty-eight (48) hours in any one week; provided, however, that this Act shall not apply to females working in rural telephone exchanges or in villages or towns of less than five hundred (500) population, nor to cases of employees in small telephone exchanges, and in telegraph offices where the Workmen's Compensation Bureau after a hearing has determined that the condition of the work is so light that it does not justify the application of this act. In such cases the Workmen's Compensation Bureau shall make reasonable rules and regulations under which females may be employed in such small exchanges. Provided, further, that the above law shall not apply in case of emergency, that at such time female help may be employed ten hours in one day and seven days in one week, but not to exceed forty-eight hours in any one week. An emergency, as herein referred to, is defined to exist in the case of sickness of more than one female employee, in which case a doctor's certificate must be furnished, for the protection of human life, in the case of the holding of banquets, conventions, celebrations, session of the legislature in any city wherein such session is held and during the time such body is in session, or where a female is employed as reporter in any of the courts of the state of North Dakota."

This law re-enacts and amends in slight particulars chapter 219, Sess. Laws 1925. Chapter 219, Sess. Laws 1925 amends chapter 346, Sess. Laws 1923. Chapter 346, Sess. Laws 1923 amends chapter 170, Sess. Laws 1919, which last-mentioned act reads as follows:

"No female shall be employed in any manufacturing, mechanical or mercantile establishment, laundry, hotel or restaurant, or telephone or telegraph establshment, or office, or in any express or transportation company, in the state of North Dakota more than eight and one-half (8½) hours in any one day or more than six (6) days or more than forty-eight hours in any one week, provided, however, that this act shall not apply to females working in rural telephone exchanges or in villages or towns of less than five hundred (500) population."

This act of 1919 has not been changed in any respect in any of the amendments, but has been re-enacted in each amendatory act with other additional provisions.

The defendant demurred to the complaint alleging that it did not state a public offense for the reason that chapter 142 of the Laws of 1927 is unconstitutional. The demurrer was sustained and the state appeals.

It is the contention of the defendant that the law in question violates § 11 of article 1 of the Constitution, which provides: "All laws of a general nature shall have a uniform operation;" section 16, of article 1, providing: "No bill of attainder, ex post facto law or law impairing the obligation of contract shall ever be passed;" § 20, of article 1, providing: "No special privileges or immunities shall ever be granted which may not be altered, revoked or repealed by the legislative assembly; nor shall any citizen or class of citizens be granted privileges or immunities which upon the same terms shall not be granted to all citizens;" § 21, of article 1, providing: "The provisions of this Constitution are mandatory and prohibitory unless by express words they are declared to be otherwise;" § 69, of article 2, providing: "The legislative assembly shall not pass local or special laws" in certain cases, and it is claimed that the law in question comes within the inhibition; § 70, of article 11 of our Constitution, providing: "In all cases where a general law can be made applicable, no special law shall be enacted," and that it violates the 14th Amendment to the Constitution of the United States.

The complaint charges the defendant with the offense of employing females more than forty-eight (48) hours per week, it being alleged that Ed Ehr, being then and there the manager of a restaurant, to-wit: The Waverly Cafe, conducted in the city of Minot, Ward county, North Dakota, did then and there employ female help in said restaurant for more than forty-eight (48) hours per week. The only objections urged against the complaint in the demurrer are that the law under which the complaint is drawn is unconstitutional. There are just two questions involved in the case: First, does the law unreasonably interfere with the right of contract, and second, if it does not, is that part of the law under which this complaint was made, sufficient in itself to stand alone, and not dependent upon other provisions in the law not applicable to this case which may be unconstitutional?

It is well settled that a state may, under the police power, regulate and limit the hours of labor for women, where work of long-continued

duration is detrimental to health, provided that such regulation or limitation is reasonable. The rule is stated as follows in 6 R. C. L. § 385, p. 392; 12 C. J..926, § 436:

"While it would be clearly beyond the power of the legislature to prohibit women from engaging in the ordinary occupations, since they are unquestionably citizens, yet the physical structure and maternal functions of women place them at such a disadvantage in the struggle for existence as to form a subtsantial difference between the sexes, which forms a basis for legislation regulating the condition of labor of women and limiting the hours of their employment. The courts adhere to the view that where a woman is required or permitted to work long hours day after day under the pressure usually attending the labor of an employee who is subject to the control, direction, and dismissal of the employer, this has a tendency to weaken and impair her health, and accordingly the general trend of authority is to hold that such laws are not class legislation."

In the case of Muller v. Oregon, 208 U. S. 412, 52 L. ed. 551, 28 Sup. Ct. Rep. 324, 13 Ann. Cas. 957, one of the leading cases on the subject, Judge Brewer said:

"The limitations which this statute places upon her contractual powers, upon her right to agree with her employer as to the time she shall labor, are not imposed solely for her benefit, but also largely for the benefit of all. Many words cannot make this plainer. The two sexes differ in structure of body, in the functions to be performed by each, in the amount of physical strength, in the capacity for long-continued labor, particularly when done standing, the influence of vigorous health upon the well-being of the race, the self-reliance which enables one to assert full rights, and in the capacity to maintain the struggle for subsistence. This difference justifies a difference in legislation and upholds that which is designed to compensate for some of the burdens which rest upon her."

The defendant relies upon the case of Adkins v. Children's Hospital, 261 U. S. 525, 67 L. ed. 785, 24 A.L.R. 1238, 43 Sup. Ct. Rep. 394. This, however, is a case involving the right of the legislature to fix a minimum wage and the court was very careful to distinguish between that kind of legislation and legislation fixing the hours for labor. On page 795 [67 L. ed.] the court said:

"The essential characteristics of the statute now under consideration, which differentiate it from the laws fixing hours of labor, will be made to appear as we proceed. It is sufficient now to point out that the latter, as well as the statutes mentioned under paragraph (3), deal with incidents of the employment having no necessary effect upon the heart of the contract; that is, the amount of wages to be paid and received. A law forbidding work to continue beyond a given number of hours leaves the parties free to contract about wages and thereby equalize whatever additional burdens may be imposed upon the employer as a result of the restrictions as to hours, by an adjustment in respect of the amount of wages."

The Adkins case recognizes the right to fix the hours of labor of females under the police power.

We are also of the opinion that legislation limiting the hours of labor for females in any manufacturing, mechanical or mercantile establishment, laundry, hotel or restaurant, or telephone or telegraph establishment, or in any express or transportation company to eight and one-half (8½) hours in one day, and forty-eight (48) hours in one week, is a reasonable limitation in cities and towns of five hundred (500) or more inhabitants, and therefore legal.

It will be noted that the amendments quoted were not a part of the original act passed in 1919, which stood alone until 1923 when it was re-enacted and there was added to it the legislation relating to small telephone exchanges, emergencies, banquets, conventions, celebrations, and the rules and regulations provided by the Workmen's Compensation Bureau.

"It is a fundamental principle that a statute may be constitutional in one part and unconstitutional in another part, and that if the invalid part is severable from the rest the portion which is constitutional may stand while that which is unconstitutional is stricken out and rejected." "Bank of Hamilton v. Dudley, 2 Pet. 492, 7 L. ed. 496; Keokuk Northern Line Packet Co. v. Keokuk, 95 U. S. 80, 24 L. ed. 377; Allen v. Louisiana, 103 U. S. 80, 26 L. ed. 318; Penniman's Case, 103 U. S. 714, 26 L. ed. 602; Albany County v. Stanley, 105 U. S. 305, 26 L. ed. 1044; Presser v. Illinois, 116 U. S. 252, 29 L. ed. 615, 6 Sup. Ct. Rep. 580." 6 R. C. L. § 121, p. 121.

"The constitutional and unconstitutional provisions of a statute may

be included in one and the same section and yet be separable, so that some stand while others fall. It has also been recognized that a preamble of an act may be severed from the rest of a statute. In view of the established custom of judicial tribunals of avoiding the determination of questions as to the constitutionality of statutes, except when necessary in deciding litigated cases, the courts will decline as a rule to decide whether a particular provision of a statute is unconstitutional, where they are of the opinion that if such provision is in fact invalid it may be severed from the remaining provisions of a statute, the validity of which alone is necessarily before the court." 6 R. C. L. § 121, p. 121.

It is clear from an examination of the original statute that that portion of the law which affects the defendant stood alone from 1919 until 1923; that while it was re-enacted in 1923, 1925 and 1927, it was never changed in any particular, and it is also clear that additional legislation which was added to it can be severed without affecting the original law in any particular. It is, therefore, not necessary for us to pass upon the constitutionality of the amendments to the original statute. It is also well settled that an amendment to a statute which is unconstitutional and which cannot be severed from the law attempted to be amended does not repeal or affect the original act, even when the amended act has a repealing clause.

It follows that the sustaining of the demurrer was error and the order of the lower court is reversed and the case remanded for further proceedings according to law.

NUESSLE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.