[File No. Cr. 168.]

THE STATE OF NORTH DAKOTA, Respondent, v. LEE DEL-LAGE, Appellant.

(287 N. W. 818.)

Opinion filed September 14, 1939. Rehearing denied October 23, 1939.

*Nestos & Herigstad*, for appellant.

*Alvin Strutz,* Attorney General, *Milton K. Higgins,* Assistant Attorney General, and *R. H. Points,* State's Attorney, for respondent.

BURR, J. On June 24, 1938, the defendant was convicted in the district court of Mountrail county of the crime of grand larceny, the specific charge being that he had stolen two mares on July 1, 1937. On

September 10 he made a motion for a new trial, basing his motion on five grounds:

"1. Misdirection of the jury by the court in matters of law.

"2. Errors of the court in the decisions of questions of law arising during the course of the trial.

"3. That the verdict is contrary to law.

"4. That the verdict is clearly against the evidence.

"5. Newly discovered evidence material to the defense, which the defendant could not with reasonable diligence have discovered and produced at the trial."

The motion was denied on January 28, 1939, and in due time defendant appealed to this court from the order denying the new trial.

Upon the motion for a new trial the defendant made no attempt to point out wherein the court misdirected the jury in matters of law. No exceptions to the charge were taken and filed; no requests for instruction were made and denied; on the motion for new trial it was not pointed out wherein the court erred in ruling upon evidence or "in the decision of questions of law arising during the course of the trial."

No rule is more clearly settled in this jurisdiction than that in order to take advantage of alleged errors in instruction exceptions thereto must be taken and filed as required by the statute. See State v. Shoars, 59 N. D. 67, 69, 228 N. W. 413; State v. Balliet, 61 N. D. 703, 706, 240 N. W. 604; State v. Russell, 66 N. D. 272, 288, 264 N. W. 532; State v. Johnson, 68 N. D. 464, 466, 281 N. W. 16.

On a motion for a new trial alleging errors in the rulings of the court in the introduction of testimony, these errors must be presented to the trial court; otherwise, they will be deemed waived. State v. Glass, 29 N. D. 620, 151 N. W. 229. This was not done in this case. See also Jensen v. Clausen, 34 N. D. 637, 159 N. W. 30; O'Dell v. Hiney, 49 N. D. 160, 190 N. W. 774.

Upon the trial of the case in the district court the defendant was represented by two counsel; after the trial he was represented by other counsel who took the appeal; and on the argument in this court in the preparation of the case for this court, in the preparation and filing of the briefs, the defendant was represented by different counsel.

Under the law we would be justified in not examining the record relative to the charges made in grounds No. 1 and No. 2. However, be-

cause of the numerous changes of counsel and the gravity of the case, we do investigate these grounds and will refer to them briefly.

The alleged misdirection of the jury relates to that portion of the charge dealing with the effect of "recent unexplained possession of stolen property." For conviction the state relied in part upon the fact that the mares were found in the possession of the defendant a few hours after they were stolen, and the question of the recent possession of the stolen property became important. The court charged the jury with reference to this factor and to any explanation which the defendant gave regarding his possession, stating: "If the jury should find from all of the evidence beyond a reasonable doubt that the said property was stolen as alleged in the information, and that the same was found in the possession of the defendant recently after it was stolen, then the jury may infer that the defendant stole the same, unless the defendant's explanation, with all other facts shown, raises a reasonable doubt, in which latter event such an inference, if any, is overcome and should not be considered as any evidence whatsoever of the guilt of the accused."

On this appeal defendant urges that by this instruction the court virtually put "upon the defendant the burden of proving his innocence." The court had charged the jury that the defendant was presumed to be innocent until the contrary was proved to the satisfaction of the jury beyond a reasonable doubt, and in case of a reasonable doubt the defendant was entitled to be acquitted, and immediately after giving the instruction complained of, and as part thereof, the court added: ". . . The finding of recently stolen property in the possession of another is, of course, not in itself sufficient to warrant a conviction, but is merely a circumstance to be considered by the jury in passing upon his guilt or innocence. Furthermore, to warrant an inference of guilt from the possession of stolen property, the possession must be personal, recent, unexplained, and must involve a conscious assertion of claim to the property. If the explanation given by the defendant seems reasonable to the jury, and after considering all of the evidence in the case, you have a reasonable doubt as to whether the defendant is guilty, then you should acquit him."

As heretofore stated, no exception was taken to the charge or any

portion thereof. The ground is well covered. No request for further instruction was made and no error is shown to us.

On this appeal the defendant sets forth twenty-nine specifications of error in the admission of testimony, which were never brought to the attention of the trial court. They all deal with technical matters which are not substantive in their character and are concerned entirely with the overruling of objections made by the defendant to questions propounded by the state. Nowhere is it claimed that the court shut out any proffered testimony of the defendant.

In the brief it is nowhere pointed out that the rulings resulted in actual prejudice to the defendant, though there is the claim that some of the testimony was incompetent and "most assuredly was highly prejudicial to the rights of the defendant. It tended to confuse the jury and was misleading, and even though it did not in any respect impeach the testimony of the defendant and son, neverthless it could not help but leave the impression with the jury that because the court permitted this testimony to go into the record, it should have some weight with them in their deliberations."

It is not necessary to set forth the questions and the rulings. Prior to the trial the defendant and his son had made statements to officers and others relative to defendant's connection with the crime. It is claimed that it was improper to permit these statements to be shown because they contained no admission of guilt and were substantially the same as the testimony given by the defendant and his son on the witness stand. If they were substantially the same as the defendant testified to on the stand, then they could not hurt him, and upon examination of all these questions we find no error shown.

Appellant very earnestly urges that the evidence is insufficient to sustain the verdict. Grounds No. 3 and No. 4 are considered together. We refer briefly to the testimony presented by the state. True, it is contradicted in many respects by the defendant; but the credit to be given to witnesses is a matter for the jury.

The defendant is charged with stealing two mares on the night of July 1, 1937. The evidence produced by the state shows these mares were stolen late that evening, being taken from a pasture, the fence of which had been torn down, apparently for easy exit. The defendant admits that the same night these horses were brought to his place some

twenty-five miles from the scene of the crime. He denies taking them and claims he purchased them that night.

The usual mysterious character, "never seen before and never seen afterwards," appears on the scene, and the defendant claims he purchased these animals, with other property, much of which was stolen, from this evanescent individual, paying $320 in cash and $400 in a check. This check never appeared anywhere, was never seen again, was never presented to any bank. This mysterious character, Loney by name, seen first June 27, is supposed to have appeared again on the 5th of July, and this is the basis for the claim of newly discovered evidence.

Sometime in June defendant had made a deal with Dr. Stone, one of the witnesses for the state, to sell two mares to the latter, giving him a description of the mares he would sell, which description tallied in many particulars with the horses stolen. On the morning of the 2d of July he called on Dr. Stone at Minot, some eighty miles away, bringing these mares and four other horses that had been stolen and alleged these mares were the ones he was to sell to Stone. Stone paid for them and the defendant delivered them, with the other stolen horses, at Stone's farm near Balfour in McHenry county, more than a hundred thirty miles from the scene of the larceny. His reason for leaving the other horses at the farm was that he was waiting until he would have a full load to deliver at an eastern market.

Defendant's explanation of his recent possession of the stolen property is such that the jury was perfectly justified in rejecting it. Recent unexplained possession of stolen property is a circumstance from which the jury may infer that the one in the possession of the property is the thief. The explanation given by the defendant quite apparently did not raise a reasonable doubt in the minds of the jury as to the guilt of the defendant. The verdict shows that the jury did not believe the explanation, that it had no helpful effect upon their minds, and such verdict is a finding of fact binding on this court. The whole matter is thoroughly discussed in State v. Shepard, 68 N. D. 143, 277 N. W. 315. The evidence is ample to sustain the verdict.

According to appellant's brief the newly discovered evidence is set forth by the defendant in three affidavits—his own, which was never presented to the trial court and never made a part of the record, and

the affidavits of Harry Birch and R. F. Richardson. In the order denying a new trial no reference is made to them. The motion for new trial was made September 10, 1938. No copy of the affidavits was served with the motion, the motion was denied January 28, 1939, and the affidavits were not filed with the clerk until February 1, 1939. The judge's certificate settling the statement of the case says the motion for new trial was fully heard and certifies as the record "The Notice of Appeal . . . and all other papers used on said Motion for a (new) Trial including affidavits of newly discovered evidence."

On making this motion for a new trial one of the counsel who conducted the trial for the defendant filed an affidavit wherein he stated "that recently the defendant has become advised of the existence of certain persons who are in the possession of material information, and whose testimony would constitute newly discovered evidence material to the defense; that defendant and this affiant has, up to this time, been unable to make personal contact with such persons" . . . and asked for extension of time until October 16, 1938, to procure affidavits. Nowhere is it stated who these supposed affiants were. These affidavits of Birch and Richardson are dated January 28, 1939. By stipulation with the state, hearing on the motion was continued until November 5, 1938, and again until December 17, 1938, and by order of court again continued until January 7, 1939.

Section 10,917 of the Code provides that, where an "application for a new trial is made upon the ground of newly discovered evidence, . . . if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as, under all the circumstances of the case, may seem reasonable."

In the affidavit of his counsel dated September 10 the defendant asked "that the time in which to procure the statement of the case in said cause, together with the affidavits showing newly discovered evidence be extended to the 6th day of October, A. D. 1938." No order of the court was based upon this, but stipulations were made as set forth. The court did on December 27, 1938 make an order to the effect "that the hearing of defendant's motion for new trial shall be held . . . on Saturday, January 7, 1939." It did not grant any extension of time to procure affidavits. The date of hearing does not appear

in the record, but the order denying the new trial is dated January 28, 1939.

The state shows that no written notice was served and filed within thirty days after the discovery of the facts upon which the defendant relies in support of his application for a new trial, and there is no showing that this alleged newly discovered evidence was discovered within thirty days of the service and the filing of the affidavit of defendant's counsel.

Section 10,918 of the Compiled Laws requires that an "application for a new trial must be made upon not less than one nor more than five days' written notice," and when made upon the ground of newly discovered evidence, "such written notice must be served and filed within thirty days after the discovery of the facts upon which the party relies in support of his application. . . ." The affidavit of defendant's counsel made September 10 shows that "the defendant has become advised of the existence of certain persons who are in the possession of material information, and whose testimony would constitute newly discovered evidence material to the defense . . . ;" but claims he had not yet made personal contact with them. There is no affidavit from the defendant showing when he learned of the existence of these parties, who they were, and what he expected to prove by them.

Section 10,919 of the Compiled Laws provides that where an application for a new trial is based upon the ground of newly discovered evidence, such application "must be based upon affidavits which must be filed before the notice (notice of application for new trial) is served. . . ." The motion for new trial, the notice of motion, and the affidavit of counsel showing that "the defendant has become advised of the existence of certain persons who are in possession of material information, and whose testimony would constitute newly discovered evidence material to the defense . . ." were all dated Sept. 10, 1938, and filed with the clerk Sept. 13, 1938. We find no proof of service of these papers upon the state; but the state did enter into a stipulation continuing the hearing at the times hereinbefore stated—the first stipulation being dated Oct. 11, 1938.

For reasons aforementioned we have scanned these affidavits and find nothing therein which justifies the assertion that the court abused its discretion in refusing to grant a new trial.

The affidavits deal solely with the proposition that an unknown character did on the 5th of July claim that his name was Loney. The affiants were unacquainted with this man but state he said his name was Loney. Where he lived, who he was, from where he came, no one knows. Even the conversation with him does not deal with the property stolen but solely with the claim that this Loney stated that on the 5th of July he had sold other personal property to the defendant and exhibited a check supposedly signed by the defendant. It did not in any way involve the property stolen in this case nor the check alleged to have been issued for the stolen property.

A motion for a new trial on the ground of newly discovered evidence is addressed to the sound judicial discretion of the trial court, and the appellate court will not interfere unless manifest abuse of such discretion is shown. This matter is well discussed in Larson v. Rustad, 66 N. D. 261, 269, 264 N. W. 526, 530.

Upon examination of the entire record we are satisfied that no error justifying a reversal has been shown and that the court did not err in refusing to grant a new trial. The order, therefore, is affirmed.

NUESSLE, Ch. J., and CHRISTIANSON, MORRIS, and BURKE, JJ., concur.