**STATE of North Dakota, Plaintiff and Respondent,**

**v.**

**Walter Ray WILLIAMS, Defendant and Appellant.**

**Cr. No. 349.**

Supreme Court of North Dakota.

April 27, 1967.

Rehearing Denied June 2, 1967.

Helgi Johanneson, Atty. Gen., Bismarck, and Ray H. Walton, State's Atty., Williston, for plaintiff and respondent.

Bjella, Jestrab, Neff & Pippin, Williston, for defendant and appellant.

TEIGEN, Chief Justice.

The defendant was convicted by a jury of the crime of larceny of an automobile, under Section 12–40–06, North Dakota Century Code. He has appealed, challenging the constitutionality of the statute under which he was convicted, specifying as error an instruction given the jury by the court, and the insufficiency of the evidence to sustain the verdict.

Section 12–40–06, supra, provides:

Any person convicted of larceny of an automobile or motorcycle is guilty of a felony and shall be punished by imprisonment in the penitentiary for not less than one year nor more than seven years. The fact that such automobile or motorcycle was taken or removed without the owner's express or implied consent, or without the consent of the person lawfully in the possession of such automobile or motorcycle, shall be presumptive evidence of intent to deprive the owner thereof.

It is the contention of the defendant that the statute is unconstitutional as a deprivation of due process under Article I, Section 13, of the North Dakota Constitution, in that it relieves the State of its burden of proving specific intent beyond a reasonable doubt, and by creating a presumption of guilt, and that it infringes upon the presumption of innocence guaranteed the defendant.

Larceny is defined by Section 12–40–01, N.D.C.C., as the taking of personal property accomplished by fraud or stealth and "with intent to deprive another thereof." Thus specific intent is an essential element of the offense of larceny.

 Specifically the defendant attacks that portion of Section 12–40–06, supra, which provides "The fact that such automobile or motorcycle was taken or removed without the owner's express or implied consent, or without the consent of the person lawfully in the possession of such automobile or motorcycle, shall be presumptive evidence of intent to deprive the owner thereof." However, an examination of the record made in this case discloses that the question is not properly before us. The trial court in its instructions to the jury omitted that part of Section 12–40–06, supra, which sets up the presumption. Thus the presumption provided by the statute was not applied in the trial of the case to the defendant's disadvantage. On the element of specific intent, the court instructed as follows:

### INTENT

The intent or purpose with which an act is done is a mental process and as such generally remains hidden in the mind where it is conceived, and is rarely, if ever, susceptible of proof by direct evidence. Intent may be inferred from the outward manifestations, by the words or acts of the party entertaining it, and the facts and circumstances surrounding or attending upon the acts sought to be proved, with which it is charged to be connected.

### POSSESSION OF STOLEN PROPERTY

From the fact that the automobile was taken or removed without the owner's express or implied consent, the Jury may infer an intent to deprive the owner of the vehicle.

The mere possession of recently stolen property, however soon after the taking, is not in itself sufficient to warrant a conviction, but it is a circumstance to be considered with other evidence in the case in determining the guilt or innocence of the accused. To warrant an inference of guilt from the possession of stolen property, the possession must be personal, recent, unexplained, and must involve a conscious exercise of dominion over the property. If, after considering all of the evidence in the case, you have a reasonable doubt as to whether the Defendant is guilty, then you should acquit him.

Nowhere in the court's instructions or during the trial was the jury advised of the existence of the statutory presumption complained of here. The trial court's statement made upon a motion for new trial clearly demonstrates the position taken by it on this matter. The trial court stated:

Well, the statute upon which the Court instructed the Jury permits the inference or permits the trier of the facts to infer the intent to steal, from the taking of the property. Now, while the statute is couched in the form of a presumption, the Court very carefully avoided instructing the Jury that this was a presumption, because to do so would, I think, constitute an unfair trial. That is to say, a presumption of this sort which presumes the intent to steal rather than permit the Jury to infer such an intent, denies the Defendant of his liberty without due process of the law, because it contravenes the presumption of his innocence.

It is a well-established and wholesome rule of law that no one can take advantage of the unconstitutionality of any provision

who has no interest in and is not affected by it. State v. McNulty, 7 N.D. 169, 73 N.W. 87; State v. Ehr, 57 N.D. 310, 221 N.W. 883. The challenged statute is severable. The first part makes larceny of an automobile or motorcycle a felony, and the second part thereof establishes the presumption of intent. The trial court clearly recognized this. State v. Ehr, supra, Syllabus, this Court stated:

In deciding litigated cases the courts will decline as a rule to decide whether a particular provision of a statute is unconstitutional, where they are of the opinion that if such provision is in fact invalid it may be severed from the remaining provisions of a statute, the validity of which alone is necessarily before the court.

For this reason we decline to rule on the constitutional question.

■ Defendant also alleges it is error for the court to have given the second paragraph of the instructions above-quoted, entitled "Possession of Stolen Property." It is contended that the instruction is derived from and based upon the statutory presumption contained in Section 12–40–06, supra. We do not agree. The instruction cast upon the State a greater burden than provided by the statute because it has deprived the State of the presumptive evidence of intent to deprive the owner as provided in the statute, and merely allows the jury to infer intent.

■ The defendant challenges this instruction upon another ground. He points to the larceny statute (Section 12–40–01, N.D.C.C.), which specifically requires as an element of larceny a showing of "intent to deprive another thereof," and argues that the effect of the instruction as given by the trial court was to remove the State's obligation to prove specific intent of the defendant. He quotes in support thereof two excerpts from the instruction, which are as follows:

From the fact that the automobile was taken or removed without the owner's express or implied consent, the Jury may infer an intent to deprive the owner of the vehicle.

And:

To warrant an inference of guilt from the possession of stolen property, the possession must be personal, recent, unexplained, and must involve a conscious exercise of dominion over the property.

Counsel for the defendant argues that the court's failure to give an instruction or otherwise explain the meaning of the word "infer" could have misled the jury to the extent that it assumed that specific intent had been proved when it was shown that the automobile had been taken without the owner's express or implied consent. He then argues that the verity of this assumption is strengthened when the court not only required the jury to infer the element of specific intent, but also to infer the defendant's guilt. This, he argues, gave the State the benefit of the presumption of guilt which necessarily precluded the defendant's presumption of innocence, and thrust upon the defendant the burden of proving his innocence. The two extracts from the instructions standing alone may be subject to challenge in this respect, but these extracts must be considered in connection with the remainder of the charge from which they were lifted, and also in connection with the remainder of the instructions. It is a well-established rule that instructions must be considered as a whole, and if when so considered correctly advise the jury as to the law, it is sufficient although a portion thereof standing alone may be insufficient or erroneous. State v. Nagel, 75 N.D. 495, 28 N.W.2d 665; State v. Berenson, 65 N.D. 480, 260 N.W. 256; State v. Bowe, 57 N.D. 89, 220 N.W. 843; State v. Kerns, 50 N.D. 927, 198 N.W. 698.

The instructions also defined the crime of larceny, and advised the jury that with respect to larceny of an automobile, the burden of proof resting upon the State is satisfied only if the evidence shows, beyond a reasonable doubt, the following essential

elements of the offense charged in the information:

(1) That on or about the 14th day of August 1965, in Williams County, North Dakota, the Defendant, Walter Ray Williams, did take a certain automobile, to-wit: A certain white 1960 Chevrolet, North Dakota license No. 65–386,

(2) That the property taken was the property of another, namely, Joseph M. Hedlund; and

(3) That the taking of said personal property was accomplished by stealth and with intent to deprive the true owner thereof.

In addition, the trial court also instructed the jury on the lesser includable offense of operating a motor vehicle without the consent of the owner, as defined in Section 12–40–07, N.D.C.C. He pointed out that if the jury should find that the taking of the automobile was not accomplished by fraud or stealth or with the intent to deprive the owner thereof, the jury would then consider whether the defendant was guilty of the crime of operating a motor vehicle without the consent of owner, the elements of which crime were then set forth.

Larceny is defined by our statute as follows:

Larceny is the taking of personal property accomplished by fraud or stealth and with intent to deprive another thereof. Section 12–40–01, N.D.C.C.

The elements of "fraud or stealth" and "with the intent to deprive another thereof" are not contained in the statutory definition of the crime of operation of a motor vehicle without consent of owner. Section 12–40–07, N.D.C.C.

 The defendant in this case took the witness stand and testified, but he did not testify that his taking was consistent with honest conduct or mistake. His principal defense was that of intoxication. We have on a number of occasions held that in a prosecution for larceny, the recent possession of stolen property, unless satisfactorily explained, is a circumstance tending to show the guilt of the defendant to be taken with the other evidence of the case to determine his guilt or innocence. State v. Dellage, 69 N.D. 466, 287 N.W. 818; State v. McCarty, 47 N.D. 523, 182 N.W. 754; State v. Lennick, 47 N.D. 393, 182 N.W. 458; State v. Rosencrans, 9 N.D. 163, 82 N.W. 422.

 It is clear to us from the trial court's instructions, and we believe it was also clear to the jury, that the burden was upon the State to prove beyond a reasonable doubt all of the elements of the crime of larceny of an automobile, and that the inferences which the court permitted the jury to draw were logical inferences to be drawn from experience and are not statutory presumptions, nor could they be construed as presumptions of guilt precluding the defendant's presumption of innocence. The error, therefore, if any, to the two extracts taken from the instruction and complained of, was thereby cured. Considering the instructions as a whole, we find that they correctly stated the law of the case and that the jury was not misled.

The defendant has also specified insufficiency of the evidence to sustain the verdict as his last specification of error. However, he has not argued this specification in his brief. Nevertheless, he states that he has not abandoned it. The evidence in this case shows that the owner of the automobile which was stolen had parked it in front of a cafe in the city of Williston, leaving the keys in the ignition. He went with his wife into the cafe, and about a half hour later they returned and found the car had been removed and was missing. While they were looking for their automobile, they saw it being driven on Main Street by a man wearing a straw hat. They reported the theft to the police by telephone. A police officer found the automobile in the Great Northern Railway depot parking area a short time later. Two

ladies in another automobile informed the policeman that a man got out of the automobile and walked into the depot. They identified the defendant when he came out of the depot with a package under his arm and walked toward the automobile. The police officer testified that the defendant saw him, and then turned and walked away from him. The defendant was arrested, and the ignition key to the automobile was found in his possession. The defendant testified that he had spent part of the forenoon and all of the afternoon in a bar drinking beer and whisky, and had eaten nothing but breakfast all day. He testified he did not know who owned the automobile or that he had taken it. He was also unable to explain some items of personal property which were found in the automobile and which the evidence establishes the defendant had purchased that day. The court instructed the jury on the defense of intoxication, that the specific intent to deprive the owner of his property is a necessary element of the crime of larceny, and advised them that in pursuing that inquiry it was proper to consider whether he was intoxicated at the time of the alleged offense, and that it was exclusively within the province of the jury to determine the weight to be given the evidence on that question and the significance to attach to it in relation to all the other evidence of the case.

In State v. Little Bear, N.D., 130 N.W.2d 83, we cited several former decisions of this Court which hold that in a criminal action the weight of the evidence and the credibility of the witnesses are questions for the jury, and where there is substantial evidence to support the verdict, even though it may be contradicted by the defendant, it will not be disturbed on appeal. Our examination of the evidence in the light of these rules impels us to the conclusion that the verdict is not against the evidence but is in accordance with and is supported by substantial evidence. The judgment is affirmed.

STRUTZ, ERICKSTAD and KNUDSON, JJ., concur.

PAULSON, J., not being a member of the Court at the time of submission of this case, did not participate.