The CITY OF FARGO, Plaintiff and Appellee,

v.

Richard GOSS, Defendant and Appellant.

Cr. No. 738.

Supreme Court of North Dakota.

Feb. 24, 1981.

Bruce C. Britton, Fargo, for defendant and appellant (on brief).

Ward Briggs, Asst. City Atty., Fargo, for plaintiff and appellee (on brief).

PAULSON, Justice.

Richard Goss appeals from the jury verdict of guilty and the judgment of conviction entered against him by the Cass County Court of Increased Jurisdiction on July 25, 1980. A 6-member jury convicted Goss of the crime of indecent exposure in violation of § 10–0302 of the City of Fargo Revised Ordinances of 1965. We affirm the judgment of conviction.

At 1 p. m. on September 20, 1979, Dr. Ann Mullis, an employee of the Department of Home Economics at North Dakota State University, observed a person, whom she later identified as Goss, seated in an observation booth overlooking one of the day care rooms in the University's child day care facility. Debra Habedank, an employee at the NDSU day care facility, and several children were in the room at the time. Dr. Mullis left the area in order to attend a meeting. Mrs. Habedank was working with several children when she happened to look through a glass door which served as an entrance to the room. She saw a man staring at her and at the same time exposing himself to her. Mrs. Habedank observed the man, whom she later identified as Goss, for two minutes. The man then left the facility. At 1:15 p.m. Mrs. Habedank notified Dr. Mullis and Dr. Jean Dissinger of the occurrence and the campus security police at NDSU were notified.

In October of 1979, Dr. Mullis and Mrs. Habedank identified Goss from a group of photographs as the man they had observed on September 20, 1979. Goss was arrested on December 3, 1979, and charged with violating § 10–0302 of the City of Fargo Revised Ordinances of 1965, which section provides as follows:

"10–0302. Nudity or indecent dress or act prohibited.—No person shall appear in any public place in a state of nudity, or

in dress not belonging to his or her sex or in indecent or lewd dress, nor shall any person make any indecent exposure of his or her person or be guilty of any indecent, obscene or lewd act or behavior."

Goss's arraignment was held on December 6, 1979, and, on January 28, 1980, in Fargo Municipal Court, Goss was found guilty of violating § 10–0302. On that same day, Goss filed a notice of appeal and the case was tried before a jury in the Cass County Court of Increased Jurisdiction on June 17, 1980. The jury found Goss guilty of violating the section and the judgment of conviction was entered on July 25, 1980. Notice of appeal to this court was filed on August 1, 1980.

At the jury trial, Dr. Mullis testified that she had observed Goss in the observation booth while he was five or six feet distant from her. Dr. Mullis was in the same observation booth for five minutes. Mrs. Habedank testified that she had observed Goss for two minutes before he left the facility. Goss was employed at the B. H. Chesley Company in Fargo. He testified that the company's building is located two and one-half miles from the NDSU campus, and that he had returned from his mid-day lunch break at 12:48 p. m. on September 20, 1979. The company uses a Simplex time clock in order to keep a record of the hours worked by each employee. Ronald Ristvedt, the business manager of the Chesley company, testified that Goss's time card specified that Goss had returned to work at 12:48 p.m. on September 20, 1979. On cross-examination, Ristvedt testified that the time card could be folded and placed in the clock in such a manner as to make an entry at the wrong place on the card.

The sole issue presented for our consideration concerns whether or not the evidence presented by the City of Fargo at the trial was sufficient to sustain the jury verdict and the judgment of conviction entered against Goss. When this court is faced with the issue of whether or not the evidence is sufficient to sustain the conviction, we must view the evidence in the light most favorable to the verdict. *State v.*

*Engel,* 289 N.W.2d 204 (N.D.1980); *State v. Berger,* 285 N.W.2d 533 (N.D.1979). Abundant evidence exists upon which the jury could base its verdict. Dr. Mullis's testimony indicated that Goss was in the observation booth overlooking the day care room. Mrs. Habedank testified that she had observed Goss for two minutes while Goss was looking into the day care room and staring at her. Finally, Mr. Ristvedt testified that Goss's time card could be manipulated in such a manner as to make an entry on the wrong place on the card. The credibility of witnesses and the weight of testimony are matters for the jury's consideration. *State v. Williams,* 150 N.W.2d 844 (N.D.1967); *Hoke v. United States,* 227 U.S. 308, 33 S.Ct. 281, 57 L.Ed. 523 (1913). When we couple the fact that ample evidence exists upon which the jury could base its verdict of guilty with the requirement that we view the evidence in the light most favorable to the verdict, we conclude that the evidence was sufficient to sustain the jury verdict of guilty and the judgment of conviction entered against Goss.

For the reasons stated in this opinion, the verdict of the jury and the judgment of conviction of the Cass County Court of Increased Jurisdiction are affirmed.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.