## L. W. MOHON v. JOHN HARKREADER.

TRIAL—*Outside the Court-Room; Irregularity.* Where a district judge while holding a regular session of court designates a law-office in the neighborhood of the court-house for the trial of a civil action, and thereupon leaves the regular court-room and proceeds to such law-office, accompanied by the under-sheriff and the jurors, and there tries such cause, and all the parties thereto are present and participate in all the proceedings, and no exceptions are taken or objections made other than the defendant protests against leaving the court-room, and against having the trial in said law-office, *held,* that the proceedings had at the place thus designated are not void, and that no substantial error is thereby committed affecting materially the rights of such defendant.

*Error from Crawford District Court.*

HARKREADER had judgment at the April Term 1877, and *Mohon* brings the case here.

*J. T. Bridgens,* and *M. A. Wood,* for plaintiff in error.

*John T. Voss,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiff in error complains of certain alleged irregularities in the proceedings of the district judge, and asserts that his case was heard and determined outside the court-room, and that he has had in fact no trial by any court, as required by law.  The record shows that the case was tried under the following circumstances: The district court of Crawford county was in session at the court-house in Girard, in that county, and the trial of the case of The State of Kansas v. Noah T. Miles had progressed until the evidence had all been submitted to the jury.  Whereupon his honor, B. W. Perkins, presiding judge of the court, suspended said trial for a few moments, and thereupon called the case of John Harkreader v. L. W. Mohon, and asked if the parties were ready for the trial of that cause, when the plaintiff announced his readiness, and the defendant said he would be ready upon the regular call of the docket.  The judge then placed D. B. Vansycle, Esq., on the bench to preside during the arguments of counsel in the criminal case, and ordered and directed the regular jury, the under-sheriff of the county, and the respective parties, together with their witnesses, to repair to the law-office of John T. Voss, Esq., in said city of Girard, which the defendant obeyed under protest.  The court then directed the counsel in the state case to proceed with their arguments; and the presiding judge then proceeded, accompanied by the under-sheriff and jurors aforesaid, to the law-office of John T. Voss, almost one-fourth of a mile from the regular court-room, and did then and there, under protest of said defendant, proceed to try the cause of Harkreader v. Mohon, two sessions of the district court being held at the same time in the same county.  Counsel for the defendant protested against a dual court, and asked that his exceptions be noted, which said presiding judge failed to do; and in such trial the presiding judge called and swore the jury, swore all the witnesses, received the verdict, and discharged the jury at the said law-office aforesaid, and deliv-

ered the proceedings to the clerk of said district court, who was not out of the regular court-house at any time during the trial of the cause. After reaching the regular court-room the presiding judge took the bench, vacated by the said D. B. Vansycle, and conducted the business of said court as usual.

The judgment rendered against said plaintiff in error was for $65 debt, and $13.20 costs. The evidence is not preserved in the record, and no other exceptions were taken on the trial than as above stated. The action of the judge was in some degree irregular, and his proceedings a subject of criticism; but no substantial error was committed to the prejudice of the plaintiff in error. He attended with his attorney at the place designated by the judge for the trial of the cause, and proceeded with and participated in the trial. It is true, he protested against leaving the court-room, and against the hearing being had in a law-office; but he afterward took part in all the proceedings, and thereby waived his objection to the place of trial. Under the facts in the case, and the conduct of the plaintiff in error, nothing was really done affecting the substantial rights of such party; nor does the complaining party show that a different judgment should have been rendered, or that he was prevented from having a fair trial, or even that he had any defense to the claim sued on. Under the circumstances, a judgment thus rendered is not void, and there is certainly no sufficient error apparent upon the record to require or even authorize a reversal of the judgment.

The judgment will be affirmed.

All the Justices concurring.