# STATE OF NORTH DAKOTA v. MAURICE J. TRACY.

(158 N. W. 1069.)

**United States — Constitution — Amendment — state courts — trials in — not applicable.**

1. The 6th Amendment to the Constitution of the United States is not applicable to trials in state courts.

**Supreme court — criminal cases — appeals in — judgment — technical errors — without — substantial rights.**

2. Under the provisions of § 11013, Compiled Laws 1913, the supreme court, in determining appeals in criminal causes, must give judgment without regard to technical errors or defects or exceptions which do not affect the substantial rights of the parties.

**Trial courts — discretion — conduct of trials.**

3. Trial courts are vested with great discretion as regards the conduct of a trial and the regulation of matters incident thereto.

**Witnesses — testimony — taking of — criminal action — at hospital — county seat — place of trial — jurisdiction — judgment — discretion of court.**

4. Taking the testimony of a witness in a criminal action at a hospital in the county seat where the trial is being conducted, to which the presiding judge, jurors, court officials, state's attorney, and the defendant and his attorney, go for that purpose, against the defendant's objection, does not deprive the court of jurisdiction or nullify the judgment, and it cannot be said that any substantial right of defendant has been affected, unless it is shown that the trial court abused its discretion to the defendant's prejudice.

Opinion filed July 22, 1916.

Appeal from the District Court of Morton County, *Hanley,* J.

From an order denying a motion for a new trial, defendant appeals.
Affirmed.

*A. T. Faber,* for appellant.

Note.—Upon the validity of proceedings in course of a trial outside of the court room, see note in 41 L.R.A. 563, in which the cases appear to be in conflict with the doctrine of STATE v. TRACY, although the annotated case Selleck v. Janesville, 41 L.R.A. 563, is in accord therewith, holding that taking the testimony of the plaintiff at her own home, to which the presiding judge and the jurors go for that purpose, against the defendant's objection, although it cannot be regarded as done in open court, does not deprive the court of jurisdiction or nullify the judgment, but is at most an irregularity.

The statutes of this state prescribe the place where courts shall be held and criminal trials had, and it is fixed by law to be in the courthouse at the county seat of the county in which the alleged offense was committed. Comp. Laws 1913, §§ 3293, 10398.

It is error for the court to adjourn to a hospital to take the testimony of a sick witness, who is unable to attend the session of court and give his testimony against the accused, where defendant enters objections thereto, and such action by the court was without authority and without jurisdiction. Funk v. Carroll, 96 Iowa, 158, 64 N. W. 768.

*Wm. Langer,* State's Attorney, *Henry J. Linde,* Attorney General, *Francis J. Murphy* and *H. R. Bitzing,* Assistant Attorneys General, for respondent.

The hospital to which court repaired to take the testimony of a witness for the state who was there sick and unable to attend court at the courthouse was in the county seat of the county in which the action was being tried. The court did not lose jurisdiction, nor did it abuse that broad discretion with which trial courts are invested, by such acts, over defendant's objections. Comp. Laws 1913, § 10398; Selleck v. Janesville, 41 L.R.A. 563, and note, 100 Wis. 157, 69 Am. St. Rep. 906, 75 N. W. 975, 4 Am. Neg. Rep. 352; State v. Peyton, 32 Mo. App. 522; Reed v. State, 147 Ind. 41, 46 N. E. 135; Mohon v. Harkreader, 18 Kan. 383; LeGrange v. Ward, 11 Ohio, 257; Bates v. Sabin, 64 Vt. 511, 24 Atl. 1013.

The supreme court will disregard technicalities and irregularities, where substantial rights have not been affected or lost. Comp. Laws 1913, § 11013; State v. Tolley, 23 N. D. 284, 136 N. W. 784.

CHRISTIANSON, J. Defendant was convicted of the crime of assault and battery with intent to commit rape, and has appealed from the order denying his motion for a new trial.

The action was tried in the city of Mandan, the county seat of Morton county. After the jury had been impaneled and sworn to try the action, the state's attorney requested that the jury be taken to the Mandan hospital for the purpose of taking the testimony of the complaining witness, Eva Bailett, who at that time was confined in said hospital on account of an operation for appendicitis, which had been performed upon her some four or five days prior thereto. Two doctors were sworn in sup-

port of the application, and their testimony concededly disclosed that the witness was in no condition to be brought into court to testify. The court thereupon granted the request of the state's attorney, and directed that the jury and all court officials, and the defendant and his attorney, be conveyed to the Mandan hospital for the purpose of taking the testimony of said Eva Bailett. Defendant's counsel objected to these proceedings upon the grounds that they were violative of article 6 of the Amendments to the Constitution of the United States, and § 10393, Compiled Laws of North Dakota. These objections were overruled, and the testimony of the witness Eva Bailett taken at the Mandan hospital in accordance with the court's directions.

The sole question presented on this appeal is whether the court erred in permitting the testimony of the witness Eva Bailett to be taken at the hospital. Defendant and his counsel were present at the time the witness was examined, and all proceedings then had were concededly had and conducted in accordance with the rules applicable to the examination of witnesses in criminal actions. The only irregularity charged is that the witness was examined at a place other than the court room.

Article 6 of the Amendments of the Constitution of the United States reads: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the assistance of counsel for his defense."

"The primary object of the constitutional provision in question was to prevent depositions or *ex parte* affidavits, such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." Mattox v. United States, 156 U. S. 237, 242, 39 L. ed. 409, 410, 15 Sup. Ct. Rep. 357.

STATE v. TRACY                                              501

The 6th Amendment to the Constitution of the United States, however, is not applicable to trials in state courts. "The ten Amendments first engrafted upon the Constitution had their origin in the apprehension that, in the investment of powers made by that instrument in the Federal government, the safety of the states and their citizens had not been sufficiently guarded. These Amendments were designed to be modifications of the powers vested in the Federal government; their language is susceptible of no other rational, literal, or verbal acceptation; and it has been uniformly held that they impose limitations only upon the Federal government, and not upon the states." 4 Enc. U. S. Sup. Ct. Rep. 139. See also Spies v. Illinois, 123 U. S. 131, 31 L. ed. 80, 8 Sup. Ct. Rep. 21, 22; Brown v. New Jersey, 175 U. S. 172, 174, 44 L. ed. 119, 120, 20 Sup. Ct. Rep. 77; Maxwell v. Dow, 176 U. S. 581, 586, 44 L. ed. 597, 599, 20 Sup. Ct. Rep. 448, 494; West v. Louisiana, 194 U. S. 258, 261, 48 L. ed. 965, 968, 24 Sup. Ct. Rep. 650; Same as to 5th Amendment U. S. Const. State v. Barnes, 29 N. D. 164, 150 N. W. 557.

Section 10393, Compiled Laws 1913, reads: "In all criminal prosecutions the party accused shall have the right:

"1. To appear and defend in person and with counsel.

"2. To demand and be informed of the nature and cause of the accusation.

"3. To meet the witnesses against him face to face.

"4. To have the process of the court to compel the attendance of witnesses in his behalf.

"5. To a speedy and public trial, and by an impartial jury of the county in which the offense is alleged to have been committed or is triable, but subject to the right of the state to have a change of the place of trial for any of the causes for which the party accused may obtain the same."

Obviously defendant was deprived of no right guaranteed to him by this section. He was present and defended both in person and by counsel. He was informed of the nature and cause of the accusation. The witness Eva Bailett was required to give her testimony before the court and jury in the presence of defendant and his counsel, and he was afforded full opportunity of cross-examination, i. e., the witness Eva Bailett, while testifying, was required to meet the defendant face to

face. He was not denied the process of court to compel the attendance of witnesses in his behalf. There is nothing to indicate that he was denied a speedy and public trial, by an impartial jury of the county in which the offense is alleged to have been committed.

Defendant also argues "that the place of trial of this action under the law was in the court room of the courthouse in the city of Mandan, North Dakota." And, that, "the court had no authority or jurisdiction, on any account, to adjourn to any other place without the consent of the parties."

Our law doubtless contemplates that the terms of district court shall be held at the county seats of the respective counties. See, §§ 747–766, 3293, Comp. Laws 1913. And it is made the duty of the county commissioners of each county to provide a court room in case no courthouse has been erected, or where the one erected has insufficient capacity, and if the board neglects to do so, the court may order the sheriff to do so at the expense of the county. Comp. Laws 1913, § 3293. While it is contemplated that the district court shall be holden in the court room provided for that purpose, still we are aware of no provision of statute requiring this to be done, and our law expressly recognizes the fact that conditions may arise where the court room provided may prove inadequate or insufficient, in which event the county commissioners are required to provide adequate quarters, or in event of their failure to do so the court may direct the sheriff to provide such quarters at the expense of the county. Our law also expressly permits the jury in a criminal action to be taken from the court room to the place where the offense is charged to have been committed, or in which any other material fact occurred in order that the jury may view such place. Comp. Laws 1913, § 10855.

The law recognizes the fact that no one can foresee the different incidents or conditions that may exist or arise upon the trial of a lawsuit. Hence trial courts necessarily must be, and are, vested with great discretion as regards the conduct of trials and the regulation of matters incident thereto. And in such matters the trial court's acts are subject to review in the appellate court only in case of manifest abuse thereof. 12 Cyc. 899, 918.

"Courts of error do not sit to decide moot questions but to redress real grievances." And, "after hearing the appeal the court must give

judgment without regard to technical errors or defects or exceptions which do not affect the substantial right of the parties." Comp. Laws 1913, § 11013.

A defendant in a criminal action is entitled to a fair trial in accordance with the provisions of our law. He is entitled to have the merits of the charge against him determined by a fair and impartial jury. He is not entitled, however, to have legitimate evidence tending to establish his guilt suppressed or excluded. There is no intimation that anything was said or done at the hospital or elsewhere which influenced or affected the verdict, but appellant rests his contention solely upon the proposition that the trial court was without power or jurisdiction to permit the testimony of a witness to be taken outside of the court room. The contention is without merit. See Reed v. State, 147 Ind. 41, 46 N. E. 135; State v. Peyton, 32 Mo. App. 522; Mohon v. Harkreader, 18 Kan. 383; Selleck v. Janesville, 100 Wis. 157, 41 L.R.A. 563, 69 Am. St. Rep. 906, 75 N. W. 975, 4 Am. Neg. Rep. 352. In our opinion the trial court's rulings were not only within its discretion, but constituted an eminently proper and wise exercise of such discretion. No prejudice to defendant has been shown. His substantial rights have not been affected.

The order appealed from must be affirmed. It is so ordered.