(No. 23495.—
BARBARA PATCHEN, Appellee, *vs.* GORDON F. PATCHEN, Appellant.

*Opinion filed June 10, 1936—Rehearing denied October 13, 1936.*

LLOYD A. FAXON, ERNEST STOUT, and WALTER H. SHURTLEFF, for appellant.

FRANK T. SHARP, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Barbara Patchen filed a suit for separate maintenance, and later an amended bill for divorce, against Gordon F. Patchen in the superior court of Cook county. He an-

swered and filed a cross-bill for divorce. Judge Rudolph F. Desort, one of the judges of that court, heard most of the testimony before he was assigned to the criminal court of Cook county for the court year beginning September 7, 1931. After his assignment, the hearings, in which both parties participated, were completed before him at the criminal court building. A decree awarding defendant a divorce was rendered as a decree of the superior court and was entered of record in that court. Several months later Mrs. Patchen filed a petition in the superior court for alimony, alleging that at the time the decree was entered Judge Desort was not sitting as a judge of the superior court but was sitting as a judge of the criminal court under his assignment to the latter court; that he had no jurisdiction to enter the decree and that it was void. An answer was filed, joining issue on the petition. Thereafter Judge Desort's assignment to the criminal court expired and the cause on this petition was assigned to him. Upon consideration thereof the relief prayed for was denied. Upon plaintiff's appeal from that order the Appellate Court for the First District held the divorce decree void but that it was without jurisdiction to order the decree expunged. The cause is here on allowance of defendant's petition for leave to appeal.

The parties are agreed that the only question here involved is whether or not a superior court judge who has been assigned to the criminal court is stripped of all power and authority to function as a judge of the superior court in civil proceedings during the period of his assignment. If he is, then the decree is void and may be attacked in a collateral proceeding.

Section 26 of article 6 of the constitution provides that the terms of the criminal court of Cook county shall be held by one or more of the judges of the circuit or superior court of that county, as nearly as may be in alternation, as may be determined by said judges as provided by law; and

that "said judges shall be *ex-officio* judges of said court." Judge Desort's assignment was made under a rule adopted by the judges of the circuit and superior courts for such service.

*People* v. *Feinberg,* 348 Ill. 549, and *United States Life Ins. Co.* v. *Shattuck,* 159 id. 610, are relied on to support the contention that Judge Desort was without jurisdiction to enter the decree, but they have little, if any, application here. In the *Shattuck case* a judge of the superior court of Cook county, while actually sitting and presiding as judge in the criminal court of that county, signed a paper purporting to extend the time for filing a bill of exceptions in a cause theretofore tried in the superior court. The paper was not filed or deposited with the clerk of the latter court but was later found among the papers in another case. No entry of the order was made of record. We held that it was of no effect for two reasons: (1) Because it was a mere memorandum, not made upon the docket of the court or filed with the clerk or even brought to his knowledge; and (2) because when a judge of the superior court presides in and holds a term of the criminal court he does so not in his official capacity as a judge of the superior court but in his capacity as *ex-officio* judge of the criminal court. We also held that while holding the criminal court he is that court in concrete form, and in the exercise of judicial functions he is the agent of that court only, and speaks and acts solely for it and not for some other court that he is not holding.

In *People* v. *Feinberg, supra,* the respondent, a judge of the circuit court, undertook to convene a branch of the criminal court. He had not been assigned to the criminal court but nevertheless entered an order directing a special venire to issue for an additional grand jury for the April term of the criminal court. He impaneled twenty-three of the persons summoned as a special grand jury and appointed a special State's attorney to assist it in its investi-

gation and to prosecute all indictments returned by it. We held that a judge of the circuit court is not a judge of the criminal court, *ex-officio* or otherwise, until he has been assigned to that service in accordance with the rules of court, and that unless so assigned he has no right to exercise the jurisdiction of the criminal court. No such state of facts existed in this case as in the *Feinberg case*. There a judge not assigned to the criminal court was attempting to perform the functions of that court without any authority of law. Here, a judge clothed with all the powers of a judge of the superior court was performing acts which were unquestionably within the jurisdiction of that court. A judge of the circuit or superior court cannot act as a judge of the criminal court without due assignment, but there is nothing to prevent him from performing judicial duties in civil cases whenever he is available for that purpose. While acting as an *ex-officio* judge of the criminal court an incumbent's title as circuit or superior judge remains unimpaired. An assignment to the criminal court does not in any manner change or limit his character as a circuit or superior court judge. Two reasons are apparent why this is true: One is, that if his functions as a circuit or superior court judge are suspended there would be no basis for *ex-officio* acts by virtue of that office. The other is, that it would deprive him of his constitutional powers during some portion of the term for which he was elected. From this it follows that a judge of the circuit or superior court may hold a term or session of the court to which he was elected whenever he is not at the time actually sitting as a judge of the criminal court.

While the general rule is that a court can only exercise its functions at the place appointed by law, (*People* v. *McWeeny,* 259 Ill. 161,) it has been held that where the parties to a controversy assent to and participate in a session of court at different places without any prejudice resulting, the error is not reversible. (*McCune* v. *Reynolds,* 288 Ill. 188; *Mohon* v. *Harkreader,* 18 Kan. 383.) No substan-

tial right of plaintiff was impaired by those sessions of the superior court held in the criminal court building. She made no objection but acquiesced in that course of procedure. Under such circumstances, the validity of the decree is not affected. Moreover, the question of whether a session of court was held at the proper place cannot be raised collaterally. *People* v. *Bain,* 358 Ill. 177; *Robinson* v. *Moore,* 25 id. 118.

The order of the superior court dismissing the petition for alimony was correct. The order of the Appellate Court reversing that order and dismissing the appeal is reversed and the order of the superior court is affirmed.

*Order of Appellate Court reversed.*
*Order of superior court affirmed.*