No. 48,080

STATE OF KANSAS, *Appellee,* v. LARRY C. RHONE, *Appellant.*

(548 P. 2d 752)

Opinion filed April 10, 1976.

*Curtis Irby,* of Moore and Irby, of Wichita, argued the cause and was on the brief for the appellant.

*Stephen E. Robison,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Keith Sanborn,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Larry C. Rhone was charged with the crimes of aggravated burglary, felony theft, aggravated sodomy and rape. He was convicted by a jury of the first two offenses and of misdemeanor sodomy. The jury was unable to agree on the rape charge and mistrial was declared as to it. Rhone was sentenced upon the offenses of which he was convicted and now appeals.

Evidence for the prosecution revealed the following: On July 2, 1974, Miss R, age eighteen years, lived in an apartment in Wichita with a Mrs. B, who was about fifty years of age. Around

11:30 p. m. of that day the two were sitting in the apartment bedroom when they heard a noise. Mrs. B went down the hall and saw appellant Rhone crawling through the bathroom window. Appellant grabbed Mrs. B's arm and forced her back into the bedroom. Miss R became alarmed, moved off the bed and stood near the wall.

Mrs. B attempted to reach for the telephone but appellant said, "I wouldn't do that if I were you". Appellant then began to unbutton his pants. Mrs. B asked if she could leave the room. Appellant replied, "We don't want you, we want her", indicating Miss R. Appellant then called out "Mark" and a juvenile male entered the bedroom. Mark grabbed Mrs. B and led her to the living room. There he searched through the women's purses and, according to Mrs. B's testimony, took $120.00 from her purse. Mrs. B had cashed her social security check that day and had taken home the $120.00 in cash. Mark told Mrs. B: "I don't want to do this. I'm being forced to. I only got forty dollars and that's what you tell him".

Meanwhile appellant had closed the bedroom door and told Miss R to remove her clothes. When she refused appellant unsnapped her jump suit and again ordered her to remove her clothes and get into bed. She complied and made no attempt to cry for help because she was afraid. Then appellant placed his hand behind her head and forced his penis into her mouth. When Miss R refused to continue this act appellant moved on top of her and inserted his penis into her vagina. After ejaculating appellant got up, dressed and began opening dresser drawers in the bedroom. He took a watch from a shelf in the hall and left.

The next evening Miss R saw and recognized appellant at a club in Wichita to which she had gone to look for a friend. She called the police, who arrested appellant. Appellant made an oral and a written statement to the police admitting he and Mark broke into apartment, through use of a screw driver on a window; he and Mark were "regular burglars" and did not know anyone was at home, and that with her consent he and Miss R had engaged in oral and genital copulation; he also stated Mark told him he had found $40.00 in the apartment and that he, appellant, had taken a watch and a Canadian coin.

Appellant's first two contentions of error derive from the taking of the testimony of Mrs. B. At trial her physician testified she was suffering from advanced stages of cancer of the lung which had

spread to most of her body systems, including the bones of the back and pelvic area; that she had recently undergone extensive radiation and chemotherapy treatment; she suffered from continuous pain which was more pronounced when she had to sit or stand; her life expectancy was believed to be about thirty days (she in fact died shortly after the trial concluded). The doctor further testified Mrs. B could not sit as a witness for an extended period of time and if she testified in court it would be necessary for her to remain on a stretcher. In his opinion it would be better for her health if her testimony was taken at her home. Following this presentation the state requested that the jury and the parties be taken to Mrs. B's residence to hear her testimony.

Appellant's counsel reluctantly agreed to this procedure but the following day appellant personally objected to it. At this point the following dialogue occurred:

"THE COURT: Mr. Rhone, understanding that you have a right to confront the witness in person during this trial, or you can waive that right and proceed to have her testimony elicited by the transcript of the proceedings at the Court of Common Pleas [appellant's preliminary examination] and the jury would merely be informed that under the circumstances that the testimony is being taken by deposition. Now, with those two options, and having discussed this with your attorney, which way do you want to proceed, sir?

"THE DEFENDANT: Well, I guess I'll go to the house, Your Honor."

The judge, jury and all personnel connected with the trial, including appellant and his counsel, were then taken by bus to Mrs. B's residence, which was a different place from where the offenses allegedly occurred, and her testimony was taken.

Appellant contends the procedure employed was highly prejudicial to him. We have no statute authorizing a court to convene its sessions other than in a courtroom. There is case law that a valid trial may be held outside the regularly authorized courthouse during an emergency situation and even in situations lacking this factor. In *Mohon v. Harkreader*, 18 Kan. 383, a district judge conducted a civil trial in a law office near the courthouse while a criminal trial presided over by a judge *pro tem* was being concluded in the courtroom. The defendant protested moving the place of trial but participated in it. Upon his appeal this court upheld the judgment against him because there was no showing the irregularity had affected any of his substantial rights. (See also *State v. Van Wormer*, 103 Kan. 309, 173 Pac. 1076). This is in accord with the majority view in other jurisdictions that a trial court may in its discretion adjourn court to the home or residence

of a sick witness for the purpose of taking his testimony if the illness prevents the witness from attending the trial. The validity of the proceedings is not affected by the place where the trial is held, so long as there is no abuse of discretion by the trial court and the parties' rights are not prejudiced (see anno.: Place of Holding Sessions of Trial Court As Affecting Validity of Its Proceedings, 43 ALR 1516, supplemented at 18 ALR 3d 572, § 4 [a], p. 580, & [b], p. 584, and 1975 Pocket Part, p. 32).

Appellant does not point out how he was prejudiced by the taking of Mrs. B's testimony at her home and we see nothing harmful. The matter need not be bottomed on waiver since appellant voiced objection and was required to choose between alternative methods of receiving the testimony. Ample reason for the court's action was shown by the testimony of Mrs. B's physician. Prior to leaving the courtroom the jurors were carefully admonished by the trial court respecting their conduct during the interval they were to be away from the courthouse in charge of the bailiff. All possible safeguards were taken and nothing untoward occurred. A trial court has discretion in the matter, somewhat akin to that exercisable under K. S. A. 22-3418 with respect to a view by the jurors of the place of an alleged crime, and we see no abuse of that discretion in the action complained of.

Appellant also contends the trial court erred in denying his oral request to instruct the jury that ". . . the fact that Mrs. B____'s physical health and that we had to go to her home to take testimony should not be considered in any way in giving any additional credibility to her testimony than would be given under the general credibility instruction." The court did give two stock instructions to the effect that neither prejudice nor sympathy should be allowed to influence the verdict, in substantial accord with that stated in PIK Criminal 51.07, and also an instruction on credibility of witnesses as contained in PIK Criminal 52.09. This adequately covered the subject.

Appellant complains the evidence was insufficient to support the findings of guilt of felony theft, aggravated burglary and sodomy. We have repeatedly stated the standard of appellate review of criminal convictions: "While the state has the burden to establish the crime beyond a reasonable doubt, the issue on appeal is whether the evidence is sufficient to form a basis for a reasonable inference of guilt when viewed in a light most favorable to the state. [Cita-

tions] It is the function of the trier of fact, and not the reviewing court, to weigh the evidence and pass on the credibility of the witnesses" (*State v. Rogers,* 217 Kan. 462, 463, 537 P. 2d 222). As to the felony theft appellant points to the "conflict" in the evidence concerning the amount of money taken from Mrs. B's purse. Mrs. B testified Mark took $120.00, being money which had come from a social security check she had cashed that day, and that Mark told her to tell appellant he had taken only forty dollars instead of the actual amount taken. Appellant's confession apparently simply repeated Mark's fabrication to appellant that he (Mark) had taken only forty dollars. If Mark "held out" on appellant's share of the money and misrepresented the amount taken this would not serve to reduce appellant's crime to misdemeanor theft since the two were acting jointly in the taking. The jury was instructed on both the charge of felony theft (theft of property of the value of fifty dollars or more) and the lesser included offense of misdemeanor theft (theft of property of the value of less than fifty dollars) in accord with K. S. A. 21-3701. Upon evidence as to which there was no real conflict as to the value of the property taken the jury chose the more serious offense.

The testimony of the two victims and appellant's own statement, made after he was informed of his constitutional rights, amply support the aggravated burglary conviction. Miss R testified the sodomy occurred through appellant's use of force upon her and without her consent. Such evidence would have warranted appellant's conviction of aggravated sodomy as charged (K. S. A. 21-3506) and he is in no position to complain because he was convicted of the lesser included offense of misdemeanor sodomy (K. S. A. 21-3505).

Judgment affirmed.

APPROVED BY THE COURT.