NOT DESIGNATED FOR PUBLICATION

No. 117,326

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREMY A. FILBERT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed May 25, 2018. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Jennifer S. Tatum*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., LEBEN and SCHROEDER, JJ.

PER CURIAM: Jeremy A. Filbert raises two issues on appeal. First, Filbert claims the district court erred by not giving a sympathy instruction as he requested. Second, he complains there was insufficient evidence to support his convictions for aggravated criminal sodomy based on instruction Nos. 7, 9, and 12. Our review of the record reflects the district court acted properly in denying Filbert's requested sympathy instruction, and there was sufficient evidence to support Filbert's convictions for aggravated criminal sodomy as the jury was instructed. We affirm.

1

On October 23, 2015, the State charged Filbert with two counts of rape and two counts of aggravated criminal sodomy. In all four counts, the victim was Filbert's half-sister, J.F., a child less than 14 years old. The State subsequently amended its information to include a count of aggravated indecent liberties with a child and three more counts of aggravated criminal sodomy. Again, J.F. was the victim in each count.

At trial, J.F., then 13 years old, testified she and Filbert engaged in vaginal, oral, and anal sex. J.F. had trouble remembering the dates or the number of sexual encounters. During cross-examination, J.F. began to cry. The district court paused for a moment to let her regain her composure, but J.F. did not want to take a break.

Filbert testified in his own defense. At the end of his direct examination, he broke down crying. As with J.F., the district court paused the proceedings so Filbert could regain his composure. Again, from the record, it appears the incident was brief and the district court did not take a recess.

During the instruction conference after the close of evidence, the State dismissed two of the aggravated criminal sodomy charges. Filbert specifically requested a sympathy instruction to instruct the jury to decide the case without favoritism or sympathy for or against either party. The district court noted there had been "crying situations with both the victim and the defendant" but, based on *State v. Williams*, 299 Kan. 1039, 1044, 329 P.3d 420 (2014), declined to give the instruction.

The district court instructed the jury on each count of aggravated criminal sodomy:

> "The defendant is charged . . . with Aggravated Criminal Sodomy. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. The defendant caused J.F. to engage in sodomy with a person.

"2. At the time of the act, J.F. was less than 14 years old. The State need not prove the defendant knew the child's age.

"3. The defendant acted intentionally.

"4. The defendant was 18 or more years old at the time the sodomy occurred.

"5. The act occurred between May 1, 2015 and September 14, 2015, in Wyandotte County, Kansas."

Instruction Nos. 7 and 12, defined sodomy as "anal penetration, however slight, of a female by any body part or object." Instruction No. 9 defined sodomy as "oral contact of the male genitalia."

The jury convicted Filbert on all six counts. The district court sentenced Filbert to life imprisonment without the possibility of parole for 25 years on each count but ran all counts concurrently.

ANALYSIS

*No Error to Decline Filbert's Requested No-Sympathy Instruction*

Filbert requested the district court give PIK Crim. 3d 51.07 (1995 Supp.), which states: "You must consider this case without favoritism or sympathy for or against either party. Neither sympathy nor prejudice should influence you." The district court declined to give the instruction based on its reading of *Williams*.

"When analyzing jury instruction issues, [an appellate court] follows a three-step process: '(1) Determining whether the appellate court can or should review the issue, *i.e.,* whether there is a lack of appellate jurisdiction or a failure to preserve the issue for appeal; (2) considering the merits to determine whether error occurred below; and (3) assessing whether the error requires reversal, *i.e.*, whether the error can be deemed

3

harmless.' [Citation omitted.]" *State v. Pfannenstiel*, 302 Kan. 747, 752, 357 P.3d 877 (2015).

"At the second step, we consider whether the instruction was legally and factually appropriate, employing an unlimited review of the entire record. If the district court erred, and the error did not violate a constitutional right, 'the error is reversible only if [the court] determine[s] that there is a "reasonable probability that the error will or did affect the outcome of the trial in light of the entire record."' [Citations omitted.]" *State v. Louis*, 305 Kan. 453, 457-58, 384 P.3d 1 (2016).

When, as here, the defendant requests an instruction at trial, appellate courts review the evidence in the light most favorable to the defendant. *Williams*, 299 Kan. at 1046 (citing *State v. Hilt*, 299 Kan. 176, 184, 322 P.3d 367 [2104]). In *Williams*, the Kansas Supreme Court reiterated "'[t]he sympathy instruction should only be used under very unusual circumstances.' [Citations omitted.]" 299 Kan. at 1044. However, as the State concedes, a no-sympathy instruction is not prohibited and is therefore legally appropriate. As the *Williams* court noted, the "tougher question is whether the instruction was factually appropriate, *i.e.*, whether the facts of this case present[] very unusual circumstances." 299 Kan. at 1044. The facts of this case do not create unusual circumstances.

In only one case, the Kansas Supreme Court has found circumstances to be sufficiently unusual to support a sympathy instruction. See *State v. Baker*, 281 Kan. 997, 1004-05, 135 P.3d 1098 (2006) (citing *State v. Rhone*, 219 Kan. 542, 548 P.2d 752 [1976]). Rhone was charged with aggravated burglary, felony theft, and rape. Because the aggravated burglary victim suffered from advanced lung cancer which had spread to most of her body, it was better for her health if her testimony occurred at her home. As a result, the judge, jury, attorneys, and the defendant went to the victim's residence to hear her testimony. The defendant requested the district court instruct the jury not to give the victim's testimony any additional credibility because of the circumstances of her

4

testimony but the trial court refused. The *Rhone* court held this was not error because the district court gave a sympathy instruction and an instruction on witness credibility. 219 Kan. at 545.

Filbert argues the *Williams* court impliedly held a sympathy instruction was appropriate. In *Williams*, the State requested a sympathy instruction and Williams objected. The district court acknowledged the instruction was disapproved for general use but agreed to give the instruction, explaining:

> "'I rarely give this instruction but I think this is one that is appropriate. Just because a witness may cry on the witness stand, I don't think it's sufficient in and of itself. But . . . in addition to [the defendant] crying a number of times on the witness stand, she has frequently been very emotional in front of the jury throughout the trial. It's all—it's on a daily basis and it's a number of times each day that I see her breaking down in the courtroom.'" 299 Kan. at 1042.

Williams appealed, arguing the no-sympathy instruction denied her a fair trial. The *Williams* court noted a no-sympathy instruction was only appropriate in unusual situations. It continued:

> "Certainly, a defendant's display of emotion is not as unusual as conducting court in an ailing victim's home. Nevertheless, we should view the cold record through a deferential lens, recognizing that the veteran trial judge was in a better position to assess whether the defendant's courtroom demeanor was an unusual circumstance that needed to be addressed for the jury." 299 Kan. at 1044.

The *Williams* court found it was inclined to side with the trial court's discretion and determined the district court's inclusion of a no-sympathy instruction was not reversible error. 299 Kan. at 1045.

5

Filbert correctly suggests the district court did not make factual findings regarding the appropriateness of the instruction. The district court considered *Williams* and then ruled the instruction was inappropriate as a matter of law. Despite this, Filbert argues the district court committed error and argues, "[g]iven the extreme emotions on both sides . . . the circumstances were more unusual than those in *Williams*," and "the instruction was factually appropriate." This argument is unpersuasive, even viewing the facts in the light most favorable to Filbert. In *Williams*, the defendant cried multiple times while on the witness stand and was "emotional in front of the jury" daily. Here, J.F's cross-examination was briefly disrupted due to her crying. However, J.F. quickly regained her composure and did not want a break. Similarly, Filbert began crying at the close of his testimony, and the district court gave Filbert time to regain his composure. Both instances were brief and in neither instance did the district court feel it was necessary to take a recess. As such, *Williams* is distinguishable. We also note from experience some crying on the witness stand is not an unusual experience during trial.

Instead, this case is more closely analogous to *State v. Holmes*, 278 Kan. 603, 102 P.3d 406 (2004). During Holmes' murder trial, one or two of the victim's family members began crying and were escorted from the courtroom. He requested a sympathy instruction which the district court denied. The Kansas Supreme Court found, even in the light most favorable to Holmes, the instruction was not warranted because the incidents were brief and the family members were escorted from the courtroom after they began crying. 278 Kan. at 635-36.

The district court's denial of Filbert's requested sympathy instruction was not error. Furthermore, even if the failure to give the instruction was error, the error was harmless. The prosecutor began her closing argument by addressing Instruction No. 4, which informed the jury they had the right to use their common knowledge and experiences when discussing witness testimony. She continued: "We're not to use emotion or sympathy in our deliberations, but you can use your common knowledge and

experience when you're thinking about the facts of this case." By doing so, she reminded the jury not to let sympathy or prejudice influence them in their deliberations. Filbert is not entitled to relief even when the instruction is considered in a light most favorable to him. The district court did not err when it denied Filbert's requested sympathy instruction.

*There was sufficient evidence to convict Filbert of aggravated criminal sodomy.*

Filbert argues there was insufficient evidence supporting each of the three counts of aggravated criminal sodomy based on the language of the jury instructions. Filbert contends K.S.A. 2017 Supp. 21-5504(b), sets forth alternative means of committing aggravated criminal sodomy. He contends the district court instructed the jury based on the wrong means of committing aggravated criminal sodomy, and there was no evidence supporting the means it instructed.

The State contends the invited error rule applies, citing *State v. Schreiner*, 46 Kan. App. 2d 778, 791-92, 264 P.3d 1033 (2011). It argues Filbert is precluded from raising this claim because he did not object to the aggravated criminal sodomy instruction as written. This argument is unpersuasive because *Schreiner* is distinguishable. In *Schreiner*, the defendant proposed a sodomy jury instruction that matched the instruction the district court gave. Schreiner's instruction expanded the scope of the charged offense in a way that provided alternative means. The *Schreiner* panel found this was invited error not because Schreiner failed to object, but because Schreiner got what he asked for. Here, Filbert did not propose the aggravated criminal sodomy instructions' language, the State proposed the language. While Filbert did not object to the aggravated criminal sodomy instructions, for invited error to apply, the party must do more than simply fail to object to a proposed instruction. *State v. Sasser*, 305 Kan. 1231, 1235, 391 P.3d 698 (2017). Further, he was not required to object to the aggravated criminal sodomy instructions in order to preserve a claim for the sufficiency of the evidence supporting them.

Although he frames the issue as an alternative means issue, Filbert really challenges the sufficiency of the evidence supporting his conviction. Indeed, there is no basis for an alternative means challenge in this case. The district court instructed the jury:

> "The defendant is charged . . . with Aggravated Criminal Sodomy. The defendant pleads not guilty.
> "To establish this charge, each of the following claims must be proved:
> "1. The defendant caused J.F. to engage in sodomy with a person.
> "2. At the time of the act, J.F. was less than 14 years old. The State need not prove the defendant knew the child's age.
> "3. The defendant acted intentionally.
> "4. The defendant was 18 or more years old at the time the sodomy occurred.
> "5. The act occurred between May 1, 2015 and September 14, 2015, in Wyandotte County, Kansas."

Instruction Nos. 7 and 12, defined sodomy as "anal penetration, however slight, of a female by any body part or object." Instruction No. 9 defined sodomy as "oral contact of the male genitalia." The instructions for each count of aggravated criminal sodomy only listed one means of committing aggravated criminal sodomy, and sodomy is defined in only one way in each instruction. Since the instructions only listed one means of committing aggravated criminal sodomy, alternative means are not at issue.

The crux of Filbert's argument, however, is that the district court instructed the jury under the wrong subsection of K.S.A. 2017 Supp. 21-5504(b). Filbert contends K.S.A. 2017 Supp. 21-5504(b)(1) prohibits engaging in sodomy with a person under the age of 14 while K.S.A. 2017 Supp. 21-5504(b)(2) prohibits causing a person under the age of 14 to engage in sodomy with a third person. He argues there was no evidence he caused J.F. to engage in sodomy with a third person and, therefore, his convictions must be reversed. The State concedes the instruction should have been better drafted to reflect: "The Defendant engaged in sodomy with J.F." We agree. However, the State contends

8

Filbert is a person, and the evidence supported the fact he caused J.F. to engage in sodomy with him. Therefore, it argues reversal is unnecessary.

> "'When the sufficiency of the evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016).

The State's argument that we must read each instruction in its entirety is more persuasive. Here, the instruction at issue clearly defined sodomy. Instruction Nos. 7 and 12 defined sodomy as: "[A]nal penetration, however slight, of a female by any body part or object." Instruction No. 9 defined sodomy as: "[O]ral contact of the male genitalia."

In support of each of these charges, J.F. testified about the many times Filbert touched her to have either vaginal, anal, or oral sex. Although J.F. could not remember the exact dates, she testified where the event occurred and what sexual conduct was involved. She never mentioned the involvement of anyone else and consistently testified it was Filbert who made her have vaginal, anal, or oral sex with him. Filbert is a person.

With these specific instructions, we find each instruction when read in its entirety did not reflect a different crime was instructed than what Filbert was charged with. There was sufficient evidence when viewed in a light most favorable to the State to support the jury's verdict for each count of aggravated criminal sodomy.

Affirmed.

9